PREGERSON, Circuit Judge:
 

 FACTS
 

 Shakey’s, a national franchisor of fast-food outlets, entered into dealer agreements with Jack Leibert, David A. Dawes, and David F. Dawes, the principals of Pizza of Hawaii, Inc. (Pizza), in 1977. On September 25, 1980, Shakey’s filed suit in the U.S. District Court against Leibert, Dawes, and Dawes, seeking injunctive relief and damages for breach of contract and trademark infringement. (Civ. No. 80-0517). On September 31, Leibert, Dawes, and Dawes executed an instrument purporting to assign their interests in the dealer agreement to Pizza. The following day, Pizza filed a chapter 11 petition in the United States Bankruptcy Court. (Bk. No. 80-00629). The filing stayed further proceedings against Pizza (but not against Pizza’s principals) pursuant to Bankruptcy Code section 362, 11 U.S.C. § 362.
 
 [1]
 

 Shakey’s filed a request for relief from the automatic stay so that it could join Pizza as a defendant in the civil case. (Bk. Adv. No. 80-0078). On November 12, the bankruptcy court denied the request for relief, but entered an order which stated that it would “not entertain a plan of reorganization under the provisions of Chapter XI until such time as the question of the termination of the franchise has been litigated in Civil No. 80-0517, currently pending in the United States District Court for the District of Hawaii.”
 

 Shakey’s then proceeded with its case against Leibert, Dawes, and Dawes in the district court. In May of 1982, Shakey’s became aware that Pizza was purportedly violating Shakey’s contractual and trademark rights. Therefore, Shakey’s amended its complaint to include these new violations. Arguing that the amended complaint affected Pizza’s estate, Pizza successfully petitioned the district court for leave to intervene and to transfer the civil case to the bankruptcy court as an adversary proceeding
 
 [2]
 
 on July 13, 1982. (Bk. Adv. No. 82-0136).
 

 
 *1376
 
 On May 4, 1983, Pizza filed its first amended plan of reorganization, and on May 20, 1983, its first amended disclosure statement. On May 24, 1983, the bankruptcy court issued an order approving the disclosure statement and effectively vacating its order of November 12, 1980, in which it had indicated that it would not entertain a plan of reorganization until the civil case had been terminated. The bankruptcy court confirmed Pizza’s plan on June 29,1983. The next day, the bankruptcy court remanded Adv. No. 82-0136 to the district court as Civ. No. 80-0517, where it is still pending.
 

 Shakey’s appealed the order confirming the plan to the district court,
 
 [3]
 
 arguing that the plan was not feasible because it did not make sufficient provision for the enormous debt that Pizza would owe Shakey’s if the district court found Pizza liable in the civil case. Pizza argued in defense that Sha-key’s did not have standing to object to the plan because Shakey’s had not filed a formal proof of claim in the bankruptcy court covering the damages sued for in the civil case.
 

 The district court, 40 B.R. 1014, ruled that although Shakey’s had not filed a formal proof of claim, the documents Shakey’s filed in the bankruptcy court while the civil case was pending in that court (July 13, 1982, to June 30, 1983), together with its active participation in the bankruptcy case, constituted an amendable informal proof of claim. Consequently, the district court remanded, ordering the bankruptcy court to grant Shakey’s leave to file a formal proof of claim. The district court also ordered the bankruptcy court to estimate the value of Shakey’s claim pursuant to 11 U.S.C. § 502(c)
 
 [4]
 
 because waiting for the ultimate resolution of Shakey’s civil claim would unduly delay Pizza’s reorganization. Finally, the district court vacated the plan, directing the bankruptcy court to reconsider the plan’s feasibility in light of the estimated value of Shakey’s claim.
 

 Pizza appealed to this court, arguing that the district court improperly granted Sha-key’s leave to amend and, consequently, improperly vacated the plan.
 

 ISSUES
 

 I. Whether this court has jurisdiction over the district court’s order vacat
 
 *1377
 
 ing the plan, remanding this matter to the bankruptcy court to permit Shakey’s to amend its informal proof of claim, and directing the bankruptcy court to estimate the value of that claim.
 

 II.Whether the district court abused its discretion in ruling that Shakey’s had established an amendable informal proof of claim when the bankruptcy court had not ruled on the issue.
 

 III. Whether Shakey’s actions and the documents Shakey’s filed in the bankruptcy court constitute an amendable informal proof of claim.
 

 IV. Whether the plan is not feasible and, therefore, cannot be confirmed.
 

 STANDARDS OF REVIEW
 

 In
 
 Diamond National Corp. v. Lee,
 
 333 F.2d 517, 528 (9th Cir.1964), we indicated that it is within the district court’s discretion whether to consider issues not presented to the bankruptcy court.
 
 Cf. Abex Corp. v. Ski’s Enterprises, Inc.,
 
 748 F.2d 513, 516 (9th Cir.1984) (although rule that circuit court should not consider arguments appellant failed to raise in district court is discretionary, it may be dispensed with altogether if issue is purely legal and central to case). Consequently, we review the district court’s decision to consider whether Shakey’s had established an amendable informal proof of claim under an abuse of discretion standard.
 

 Because we are in as good a position as the district court to review the findings of the bankruptcy court, we independently review the bankruptcy court’s decision.
 
 See, e.g., In re Mellor,
 
 734 F.2d 1396, 1399 (9th Cir.1984);
 
 In re Comer,
 
 723 F.2d 737, 739 (9th Cir.1984);
 
 In re Bialac,
 
 712 F.2d 426, 429 (9th Cir.1983).
 
 [5]
 
 We review the bankruptcy court’s findings of fact under the clearly erroneous standard and its conclusions of law de novo.
 
 In re American Mariner Industries, Inc.,
 
 734 F.2d 426, 429 (9th Cir.1984). The issue whether the documents a creditor filed, considered in conjunction with the creditor’s conduct, constitute an amendable informal proof of claim is one of law, which we review de novo.
 
 In re Sambo’s Restaurants, Inc.,
 
 754 F.2d 811, 815 (9th Cir.1985). The issue whether a plan is feasible — is not likely to be followed by liquidation or further reorganization — is one of fact, which we review under the clearly erroneous standard.
 
 See United Properties, Inc. v. Emporium Department Stores, Inc.,
 
 379 F.2d 55, 63-64 (8th Cir. 1967).
 

 DISCUSSION
 

 I. This court has jurisdiction over the district court’s order vacating the plan, remanding this matter to the bankruptcy court to permit Shakey’s to amend its informal proof of claim, and directing the bankruptcy court to estimate the value of that claim.
 

 Before we address the merits of this appeal, we must determine whether we have appellate jurisdiction. Although neither party raised the issue, a federal court must determine sua sponte its proper jurisdiction.
 
 In re Martinez,
 
 721 F.2d 262, 264 (9th Cir.1983). Section 158(d) of Title 28
 
 *1378
 
 gives this court jurisdiction to hear appeals “from all final decisions, judgments, orders, and decrees” entered by a district court or a bankruptcy appellate panel on appeal from a bankruptcy court. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-853, § 104(a), 98 Stat. 333, 341 (to be codified at 28 U.S.C. § 158). Interlocutory orders are not ap-pealable as of right. They may be reviewed at the discretion of the district courts, 28 U.S.C. § 158(a), but they are not appealable to the court of appeals under 28 U.S.C. § 158(d).
 
 See In re King City Transit Mix, Inc.,
 
 738 F.2d 1065, 1066 (9th Cir.1984) (per curiam);
 
 In re Mason,
 
 709 F.2d 1313, 1315 (9th Cir.1983);
 
 In re Rubin,
 
 693 F.2d 73, 76 (9th Cir.1982).
 
 [6]
 

 Pizza appeals from an order of the district court that reverses the bankruptcy court’s order confirming Pizza’s plan, remands to permit Shakey’s to amend its informal proof of claim, and directs the bankruptcy court to estimate the value of that claim. The jurisdictional question, then, is a simple one: is this order final or interlocutory?
 

 We recently addressed the issue of our jurisdiction to review a similar order in
 
 In re Sambo’s Restaurants, Inc.,
 
 754 F.2d 811 (9th Cir.1985). In
 
 Sambo’s,
 
 the creditor first moved in the bankruptcy court for leave to amend what she characterized as an informal proof of claim. The bankruptcy court denied the motion and the creditor appealed to the district court. The district court reversed the bankruptcy court and granted the creditor fifteen days in which to file an amended proof of claim. The debtor then appealed to the Ninth Circuit.
 

 We found that we had jurisdiction to review the district court’s order reversing the bankruptcy court and granting leave to amend.
 
 Id.
 
 at 813-15. In reaching this conclusion, we agreed with the Third and Eighth Circuits that “ ‘when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court’s order is also a final order ....’”
 
 Id.
 
 at 814 (quoting
 
 In re Marin Motor Oil, Inc.,
 
 689 F.2d 445, 449 (3d Cir.1982),
 
 cert. denied,
 
 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), and citing
 
 In re Bestmann,
 
 720 F.2d 484, 485-86 (8th Cir.1983)).
 

 In the instant case, the district court was reviewing the bankruptcy court’s order confirming Pizza’s proposed plan. . Of all the possible orders in a chapter 11 bankruptcy case — except, perhaps, an order closing or dismissing the case — the order confirming a plan most nearly fits the Supreme Court’s definition of a final order as one that “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.”
 
 [7]
 

 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Consequently, the district court’s order vacating the plan is also final for purposes of appeal and we have jurisdiction to review it.
 
 [8]
 

 Sambo’s,
 
 754 F.2d at 815;
 
 see In re Madison Hotel Associates,
 
 749 F.2d 410, 426-27 (7th Cir.1984) (without discussing jurisdiction, Seventh Circuit reviewed district court’,s order reversing bankruptcy court’s confirmation of chapter 11 plan).
 

 
 *1379
 
 II. The district court did not abuse its discretion in ruling that Shakey’s had established an amendable informal proof of claim when the bankruptcy court had not ruled on the issue.
 

 Shakey’s appealed the bankruptcy court’s order confirming the plan on feasibility grounds. Pizza argued in defense that Shakey’s failure to file a proof of claim deprived it of standing to appeal the order confirming the plan. The district court concluded that the documents Sha-key’s filed, together with Shakey’s active participation in the bankruptcy proceedings, constituted an informal proof of claim and remanded the matter to the bankruptcy court to permit Shakey’s to amend its informal claim with a formal document. Pizza, the party that raised the issue before the district court, now argues that the district court improperly decided the issue because the bankruptcy court had not yet ruled on it.
 

 The Bankruptcy Rule pertaining to the district court’s role in reviewing bankruptcy court orders does not shed any light on this question. Rule 8013 provides that
 

 On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court’s judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.
 

 Bankr.Rule 8013 (1983). However, case law interpreting the Bankruptcy Rules is more helpful. In a case involving former Bankruptcy Rule 810,
 
 [9]
 
 which is essentially identical to new Rule 8013, we held that the district court acted properly in considering an issue not raised in the bankruptcy court.
 
 In re Walsh Construction, Inc.,
 
 669 F.2d 1325, 1329 (9th Cir.1982). We noted in
 
 Walsh
 
 that under former General Order 47,
 
 [10]
 
 any issue presented by the record could be raised before the district court, even if it was not presented to the bankruptcy court. Although Bankruptcy Rule 810 replaced General Order 47, we reasoned that this principle still applied where the issue did not raise facts outside the record.
 
 Id.
 
 Consequently, we concluded that because the petitioner’s objection “goes to matters within the record and was raised in the district court, it is properly before this court.”
 
 Id.
 

 We reaffirmed the propriety of the intermediate appellate court’s consideration of issues not raised before the bankruptcy court in
 
 In re Verco Industries,
 
 704 F.2d 1134 (9th Cir.1983). In
 
 Verco,
 
 the Bankruptcy Appellate Panel (BAP) sua sponte raised and decided an issue on which the bankruptcy court had not ruled. The losing party appealed to this court, arguing that the BAP was precluded from deciding the issue because the prevailing party had not raised it in the bankruptcy court. We found “no merit” in the argument: “The bankruptcy panel clearly addressed and decided the issue, and it became part of the record on appeal. Fed.R.App.P. 10(a). The bankruptcy panel having considered the issue, we may review it on appeal.”
 
 Id.
 
 at 1138.
 

 Because Rule 8013 is essentially identical to former Rule 810, our decisions in
 
 Walsh
 
 and
 
 Verco
 
 support the district court’s power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court.
 

 
 *1380
 
 Nonetheless, Pizza argues that the district court in the instant case improperly looked outside the record to reach its decision that Shakey’s had established an amendable informal proof of claim. This argument is also meritless.
 

 In deciding the proof of claim issue, the district court relied on three types of evidence: the pleadings Shakey’s had filed in the civil case which was transferred to the bankruptcy court on July 13, 1982, and kept pending in that court until June 30, 1983; the other documents Shakey’s filed with the bankruptcy court before May 14, 1982, the date the bankruptcy court confirmed the plan; and Shakey’s active participation in the bankruptcy proceedings as revealed by the transcript of the bankruptcy court hearing to confirm the plan. The district court’s consideration of these three sources of information was proper.
 

 First, the bankruptcy court had transferred the civil case back to the district court by the time that Shakey’s appealed the order confirming the plan. Therefore, all of the pleadings filed in that case were within the district court’s jurisdiction. In addition, copies of Shakey’s complaint in the civil case, the dealer agreements between Shakey’s and Leibert, Dawes, and Dawes, and the document assigning Leibert, Dawes, and Dawes’ interests to Pizza were attached as exhibits to a document that Shakey’s had designated part of the record on appeal. Moreover, Pizza itself specifically requested that various documents it filed in the civil case be included in the record on appeal to the district court. Therefore, the district court properly considered these documents filed in the civil case.
 

 Second, the district court properly considered documents that Shakey’s filed in the bankruptcy court prior to May 14,1983. Shakey’s had designated the following documents to be part of the record on appeal: Objection to Adequacy of Debtor’s Disclosure Statement; Motion to Continue Hearing on Approval of Debtor’s Plan of Reorganization and Memorandum in Support of Motion; Supplemental Memorandum in Support of Motion to Continue; and Objection to Confirmation of Debtor’s Plan of Reorganization.
 

 Third, the district court properly considered Shakey’s active participation in the bankruptcy proceedings as shown by the transcript of the bankruptcy court hearing to confirm the plan. Pizza itself had designated the transcript of the hearing to be part of the record on appeal. Shakey’s had also designated transcripts of the pretrial hearing on its Complaint for Relief From Stay and the hearing on its Motion to Continue Hearing on Approval of Debtor’s Plan of Reorganization.
 

 In conclusion, the record presented the proof of claim issue and the district court did not abuse its discretion in deciding the issue.
 

 III. Shakey’s actions and the documents Shakey’s filed in the bankruptcy court constitute an amendable informal proof of claim.
 

 Our recent decision in
 
 In re Sambo’s Restaurants, Inc.,
 
 754 F.2d 811 (9th Cir.1985), governs this issue.
 
 [11]
 
 In
 
 Sambo’s,
 
 the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. While the automatic stay was in effect, the creditor in
 
 Sambo’s
 
 filed a wrongful death suit in a U.S. District Court. The debtor and the creditor then joined in a motion requesting the district court to transfer the case to the bankruptcy court. The district court denied the motion, and instead entered an order dis
 
 *1381
 
 missing the case without prejudice to the creditor to petition to reinstate the action to pursue any matter unresolved by the bankruptcy court after the stay was dissolved. But the creditor never filed a formal proof of claim in the bankruptcy proceedings. Rather, after the date for filing had passed, she moved in the bankruptcy court for leave to amend what she characterized as an informal proof of claim established within the filing period. The bankruptcy court denied her motion, but the district court reversed.
 

 On appeal, we affirmed the district court in light of our “long-established liberal policy toward amendment of proofs of claim.”
 
 Sambo’s,
 
 754 F.2d at 816.
 
 See Sun Basin Lumber Co. v. United States,
 
 432 F.2d 48, 49 (9th Cir.1970) (per curiam);
 
 In re Franciscan Vineyards, Inc.,
 
 597 F.2d 181, 182 (9th Cir.1979) (per curiam),
 
 cert. denied,
 
 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). After examining the complaint the creditor filed in the U.S. District Court, the creditor’s correspondence with debtor’s counsel, and her joint motion with the debtor to transfer the case to the bankruptcy court, we found that these documents established an informal proof of claim because they “state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.”
 
 Sambo’s,
 
 754 F.2d at 815.
 

 The documents Shakey’s filed in the instant chapter 11 case also establish an informal proof of claim. In its complaint for relief from the automatic stay, Shakey’s stated its desire to join the debtor as a defendant in the civil case, clearly evidencing its intent to hold the estate liable.
 
 [12]
 
 Moreover, the documents attached as exhibits to the complaint for relief from the automatic stay detail the nature and contingent amount of the claim. Exhibit A is the complaint Shakey’s filed in the civil case, requesting $58,335.23 in unpaid dealer fees, damages for unfair competition, treble damages for trademark infringement, an injunction against Leibert, Dawes, and Dawes (and Pizza via Leibert, Dawes, and Dawes’ assignment), attorneys’ fees, and costs.
 
 [13]
 

 Although the complaint thus describes the nature of Shakey’s claim, it does not quantify the damages requested — the amount of Shakey’s claim — except for the $58,335 in dealer fees. Yet, because the violations were ongoing and proof of injury would require extensive evidentiary presentation, Shakey’s simply could not be more specific in its request for damages. We agree with the district court that “[t]he adversary matter contained all of the necessary prerequisites to advise the bankruptcy court of Shakey’s claim.” Because the bankruptcy court had jurisdiction over the adversary action for many months, all parties to the bankruptcy were well informed of its nature and scope.
 
 [14]
 

 
 *1382
 
 In sum, the request for relief from the automatic stay, together with the other documents Shakey’s filed, sufficiently “state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.”
 
 [15]
 

 Sambo’s,
 
 754 F.2d at 816. Therefore, we affirm the district court’s order remanding the matter to the district court to permit Shakey's to amend its informal proof of claim with a formal document and directing the bankruptcy court to estimate the value of that claim.
 

 IV. The plan is not feasible and, therefore, cannot be confirmed.
 

 Section 1129(a)(ll) requires as a condition of confirmation that the bankruptcy court find that:
 

 Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.
 

 11 U.S.C. § 1129(a)(11) (1982). “The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation.” 5
 
 Collier on Bankruptcy
 
 ¶ 1129.-02[11] at 1129-34 (15th ed. 1984).
 

 The bankruptcy court confirmed Pizza’s plan, finding that the plan was feasible. The district court, however, reasoned that “[without the benefit of an estimate of Shakey’s claim, the bankruptcy court could not have adequately judged the plan’s feasibility,” and remanded to the bankruptcy court “to determine the plan’s feasibility in light of the estimate.” We agree with the district court that the bankruptcy court’s finding of feasibility was clearly erroneous because the plan failed to provide for the possibility that Shakey’s would recover a large judgment in the civil case.
 

 Pizza estimated the plan’s cash requirements at $291,295.99, divided as follows: (1) cash disbursements at plan confirmation of $209,795.99; (2) working capital of $50,-000.00; and (3) conversion costs of $31,-500.00. The estimation does not make any provision for the possibility of Shakey’s recovering a large verdict. But the plan states that if Shakey’s claim is finally determined in Shakey’s favor, then “there shall be no further distributions to claimants in the class to which [Shakey’s] claim belongs, or to junior classes of claimants, until [Shakey’s] has received the money or property to which it would have been entitled from the date of confirmation of this Plan, had its claim initially been allowed in the amount finally determined.”
 

 Shakey’s is requesting a minimum of $58,335.23 in damages, over one-fourth of the plan’s estimated cash disbursements. If Shakey’s recovers even this minimal amount, it would mean that Pizza would be unable to pay one-fourth of its claims under the plan. Moreover, under the plan, what ultimately happens to Pizza and its payments to its other creditors depends entirely on the timing of Shakey’s recovery. If the civil case is terminated after all of Pizza’s cash has been paid out to its other creditors, then Shakey’s would probably force Pizza into chapter 7 to collect on its claim. Until the bankruptcy court has estimated the value of Shakey’s claim, it is impossible to determine whether $291,-295.99 is sufficient to effectuate the plan and enable Pizza to continue in business.
 

 In conclusion, we AFFIRM the district court’s order vacating the plan and remanding to the bankruptcy court to reconsider the plan’s feasibility in light of its estimate of Shakey’s claim.
 

 [1]
 

 . Section 362(a) provides that the filing of a petition in bankruptcy
 

 operates as a stay, applicable to all entities, of — (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
 

 11 U.S.C. § 362(a)(1) (1982) (amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 441(a), 98 Stat. 333, 371).
 

 [2]
 

 .
 
 See
 
 Bankr.Rules 701-782 (1973).
 

 [3]
 

 .
 
 In Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court invalidated the trial court jurisdiction accorded the bankruptcy judges by the Bankruptcy Reform Act of 1978. To prevent undue disruption, the Court held that the
 
 Marathon
 
 decision would not apply to judgments bankruptcy courts entered before October 4, 1982.
 
 Id.
 
 at 88, 102 S.Ct. at 2880. The Court later extended this stay to December 24, 1982. 459 U.S. 813, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982).
 

 Congress had not yet enacted remedial legislation when the stay expired on December 24, 1982. Faced with the unconstitutionality of the existing bankruptcy courts, the United States District Court for the District of Hawaii enacted a "Rule Relating to Bankruptcy Proceedings.” Under this rule, the district court referred "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11” to the bankruptcy judges of the district. Section (c)(1).
 

 The rule permitted bankruptcy judges to enter final orders and judgments in all matters except "related proceedings.” Section (d)(2). "Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a District Court or a state court” but "do not include ... proceedings regarding the confirmation of a plan_” Section (d)(3)(A). In related proceedings, the bankruptcy judges were not authorized to enter a judgment or dispositive order, but were required to submit findings, conclusions, and a proposed judgment to the district court. Section (d)(3)(B). After review, the district court would enter what it regarded to be the appropriate judgment or order. Section (e)(2)(B).
 

 In this case, Shakey’s is appealing from the bankruptcy judge's order confirming a plan of reorganization. Because proceedings regarding confirmation of a plan are
 
 not
 
 "related proceedings,” the bankruptcy judge properly entered a final order and the district court properly acted as an appellate court in reviewing the order.
 

 [4]
 

 . Section 502(c) states that "[tjhere shall be estimated for purpose of allowance under this section — (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case....” II U.S.C. § 502(c) (1982) (amended by the Bankruptcy Judgments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 445(c), 98 Stat. 333, 373).
 

 [5]
 

 . In
 
 Mellor, Comer,
 
 and
 
 Bialac,
 
 we were reviewing the decision of a Bankruptcy Appellate Panel (BAP) — not a district court — which had reviewed the decision of a bankruptcy court. But after the bankruptcy courts had issued their decisions in these three cases, the Supreme Court invalidated the trial court jurisdiction accorded bankruptcy judges by the Bankruptcy Reform Act of 1978.
 
 Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
 

 In light of
 
 Marathon,
 
 we have held that a BAP may decide only those bankruptcy appeals involving judgments entered before the
 
 Marathon
 
 stay expired on December 24, 1982.
 
 In re Burley,
 
 738 F.2d 981, 984 (9th Cir.1984);
 
 see supra
 
 note 3 (discussing
 
 Marathon
 
 stay). Judgments and orders entered by bankruptcy judges after that date under the Emergency Rule are not appealable to the BAP.
 
 Burley,
 
 738 F.2d at 984;
 
 see supra
 
 note 3 (discussing Emergency Rule).
 

 Because the district court replaced the BAP as the intermediate court in this case,
 
 see supra
 
 note 3, our determinations as to the appropriate standards for reviewing BAP decisions apply to our review of the district court’s decision as well.
 

 [6]
 

 .
 
 King City Transit, Mason,
 
 and
 
 Rubin
 
 arose under 28 U.S.C. § 1293(b), which was eliminated by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 113, 98 Stat. 333, 343. We have held, however, that our decisions regarding finality under section 1293 are controlling in cases arising under section 158.
 
 In re Teleport Oil Co.,
 
 759 F.2d 1376, 1377 n. 1 (9th Cir.1985).
 

 [7]
 

 . When the bankruptcy court confirms a chapter 11 plan, it conclusively determines the creditors’ rights to the assets in the estate and leaves nothing to be done except distribution of the assets according to the plan.
 
 See, e.g., In re White Farm Equipment Co.,
 
 38 B.R. 718, 724 (Bankr.N.D.Ohio 1984).
 

 [8]
 

 .The district court vacated the plan on the ground that it was not feasible because it failed to take Shakey’s claim into account. To review the order vacating the plan, we must therefore determine whether Shakey’s is entitled to participate in the bankruptcy proceeding. Because the issue whether Shakey's had established an amendable informal proof of claim is inextricably tied to the final order vacating the plan, we have jurisdiction to decide this issue whether or not the bankruptcy court ruled on it below.
 

 [9]
 

 . Former Rule 810 provided that
 

 Upon an appeal the district court may affirm, modify, or reverse a referee’s judgment or order, or remand with instructions for further proceedings. The court shall accept the referee’s findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses.
 

 Bankr.Rule 810 (1973).
 

 [10]
 

 . General Order 47 provided that
 

 Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.
 

 [11]
 

 . Pizza devotes a great deal of its brief to arguing that Shakey's should have requested the bankruptcy court, pursuant to Bankr.Rule 906 (1973), to extend the time in which it could file a proof of claim. But this argument misses the point of the district court’s holding. The district court found that Shakey's
 
 had established a proof of claim,
 
 albeit an informal one, within the filing period. The district court remanded to permit Shakey’s
 
 to amend
 
 that proof of claim with a formal document, not to file a proof of claim for the first time. As discussed
 
 infra,
 
 Ninth Circuit case law supports a creditor’s right to establish an informal proof of claim within the filing period and amend the proof of claim with a formal document at a later date.
 

 [12]
 

 . Other documents Shakey’s filed in the bankruptcy court also evidence Shakey's intent to hold Pizza liable. In Shakey’s Objections to Adequacy of Debtor’s Disclosure Statement, Shakey’s stated that if Shakey’s prevails in its civil case, Pizza "might be responsible for the pre-petition fees and assessments which total over $58,000 plus attorney’s fees [and] post petition fees and assessments, or have to forfeit all of its post petition profits under a trademark infringement and unfair competition claim which is part of the lawsuit.” (Emphasis deleted.)
 

 [13]
 

 . In its objection to confirmation of the plan, Shakey's clearly states that if the district court determines that Leibert, Dawes, and Dawes’ assignment to Pizza is valid, then Pizza will be liable for all of the damages Shakey’s seeks against Leibert, Dawes, and Dawes. On the other hand, if the assignment is not valid, Sha-key’s argues that Pizza would then be subject to an injunction preventing it from selling pizza products within a 30 mile radius of any Sha-key’s location.
 

 [14]
 

 .Counsel for Pizza implied at oral argument that Shakey's intentionally failed to file a proof of claim to gain some undue advantage. But counsel was unable to specify any advantage that Shakey’s would gain by its failure to file— Shakey's certainly was not trying to unfairly surprise the parties to the bankruptcy by bringing its claim to the bankruptcy court’s attention at a late date. On the contrary, it is logical to assume that Shakey’s did not file a proof of claim in justifiable reliance on the bankruptcy court’s order stating that it would not entertain a plan of reorganization until the civil case had been terminated.
 

 [15]
 

 . We reach our conclusion that the record on appeal established an amendable informal proof of claim without considering the additional documents with which we permitted Shakey’s to amend the record.