**In re Dale E. MITCHELL, Debtor.**

**Bankruptcy No. 86–7940–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

Feb. 12, 1988.

Anita M. Moorman, of Speck, Philbin, Fleig, Trudgeon & Lutz, Oklahoma City, Okl., for Robert and Millicent Sukman, creditors.

Gretchen A. Harris, of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., for Dale E. Mitchell, debtor.

## MEMORANDUM OF DECISION

RICHARD L. BOHANON, Chief Judge.

Creditors, Robert and Millicent Sukman, have moved to file a proof of claim out of time. The issues are whether excusable neglect exists to allow an extension of time to file a proof of claim and whether an informal proof of claim is subject to amendment after the bar date. If so, what constitutes an informal proof of claim?

### Facts

The Sukmans hold two promissory notes executed by the debtor in the principal amounts of $310,000 and $690,000 which are secured by first mortgages on two tracts of real property. Upon default, the Sukmans sued to foreclose in October, 1986.

The debtor filed his voluntary Chapter 11 petition in December, 1986 and listed the Sukman claim as unliquidated. Pursuant to Bankruptcy Rule 3003, June 5, 1987 was established as the last date for filing proofs of claim.

In February, 1987, the Sukmans requested relief from the automatic stay in order to pursue the foreclosure action, and an order modifying the stay and directing abandonment of the property was entered in April, 1987.

The Sukmans failed to timely file a proof of claim or request an extension of time as required by Bankruptcy Rule 3003(c)(2) & (3). A formal proof of claim was filed ten days after expiration of the bar date.

The Sukmans have filed an "Application to File Claim Out of Time" and state that their counsel mistakenly believed the debt was listed in the debtor's schedules as liquidated, that counsel was occupied with the state court foreclosure action which involved numerous defendants and that counsel was out of town when the bar date expired.

The Sukmans have also filed a "Motion to Amend Claim" and argue that their pursuit of the foreclosure action, together with their motion to modify stay and abandon property, filed within the statutory time for filing proofs of claim, is sufficient as an informal proof of claim. They further argue that an informal proof of claim is subject to post bar date amendment.

## Discussion

### I.

■ Only certain claimants are required to file proofs of claim in order to participate in a Chapter 11 reorganization. 11 U.S.C. § 1111(a) provides that a proof of claim is deemed filed if the claim appears in the debtor's schedule and is not listed as disputed, contingent or unliquidated. This statute is supplemented by Bankruptcy Rule 3003(c)(2) which provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated must timely file a proof of claim in order to be treated as a creditor for purposes of voting and distribution. Because the debt owed to the Sukmans was listed as unliquidated they were required to file.

■ Bankruptcy Rules 3002(c)(1–4), 3003(c)(3) and 9006(b)(1) empower a bankruptcy court to enlarge the time for filing a proof of claim. Rule 3003(c)(3), applicable in Chapters 9 and 11, permits extension of time to file "for cause" which has been interpreted to mean excusable neglect on the part of the creditor. *In re Waterman Steamship Corp.*, 59 B.R. 724 (Bankr.S.D. N.Y.1986).

Courts have interpreted excusable neglect under Rule 9006(b)(1) as requiring the movant to show that failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform. *Biscayne 21 Condominium Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814 (11th Cir.1985).

The Sukmans acknowledge that the failure to file a timely proof of claim was not the result of anything beyond their reasonable control, such as lack of notice of the bar date, but was the result of their counsel's failure to accurately determine how the debt was listed.

Therefore, the circumstances presented do not warrant excusable neglect on the Sukmans' part. Accordingly, their application to file a claim out of time is denied. The question remains, however, whether the Sukmans have an amendable informal claim.

### II.

Analysis of the decisions regarding an informal proof of claim indicate a majority of the courts allow amendment under limited circumstances.

The jurisprudence generally permits post bar date amendments to proofs of claim where the purpose is to (1) cure a defect in the original claim, (2) describe a claim with greater particularity, or (3) plead a new theory of recovery based upon the facts of the original claim. *Sun Basin Lumber Co., Inc. v. United States*, 432 F.2d 48 (9th Cir.1970); *United States v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213 (11th Cir.1985); *In re Key*, 64 B.R. 786 (Bankr.M.D.Tenn. 1986); and *In re Sherret*, 58 B.R. 750 (Bankr.W.D.La.1986).

■ A court must subject post bar date amendments to careful scrutiny to assure there is no attempt to file a new claim under the guise of an amendment.

■ The amendment sought by the Sukmans does not attempt to establish a new theory of recovery. They wish merely to establish a formal proof of claim regarding the two promissory notes. These notes are the subject of the motion to modify the stay and abandon the property and the foreclosure action, and are also the subject of the motion to amend the late filed proof of claim. Therefore, they do not constitute a heretofore new or previously unknown claim.

■ Amendment is permitted, however, only where the original documents provide notice of the existence of a claim against the estate. *In re International Horizons* at 1217. It is not necessary that the documents actually constitute a proof of claim. *Sun Basin Lumber Co., Inc. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970).

The parties agree on the definition of an informal proof of claim. Their perception of its application are disparate and the debtor asserts that the Sukmans' actions

fall below the requirements of an informal claim.

■ For the documents at issue to constitute an informal claim, they must state the nature of the claim, its amount, and must evidence an intent to hold the estate liable. *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811 (9th Cir.1985).

■ If a writing meets this test, it is susceptible of amendment after the bar date in order to conform to the requirements of Bankruptcy Rule 3001. *In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y. 1986).

Courts recognize several ways a creditor may manifest the necessary demand and intent to hold the estate liable. *See, Levine v. First National Bank of Lincolnwood (In re Evanston Motor Co., Inc.)*, 26 B.R. 998 (N.D.Ill.1983) and cases cited at page 1001. Pleadings filed either in the bankruptcy case itself or filed in other litigation to which the debtor or trustee is a party have been held to be informal claims. *See, Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374 (9th Cir.1985) (relief from stay motion and other documents filed with court during claims filing period); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir.1985) (wrongful death complaint filed in violation of automatic stay and joint motion with debtor to transfer case to bankruptcy court constitutes informal claim).

■ While other courts have looked to a creditor's actions outside the bankruptcy case, this court finds the better rule to be that proceedings not filed in the bankruptcy case should not be considered when determining the existence of an informal claim. It is unfair to the debtor and other creditors to hold them knowledgeable of actions taken outside the bankruptcy case itself.

Therefore, we look only to the motion for relief from stay which was filed in the bankruptcy case and the Sukmans' state court foreclosure proceedings will not be considered.

■ The Sukmans' motion for relief from stay and abandonment sets forth the nature of their claim and its amount. It fails, however, to evidence an intent to hold the estate liable.

The debtor contends that, in order to qualify as an informal claim, the Sukmans' motion required a specific declaration of intent to hold the estate liable. Contrary to this contention, courts have held that intent to hold the estate liable may be implicit. *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir.1970); *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181 (9th Cir.1979) *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980).

However, no such implication is found here. The actions of the Sukmans indicate an intent to have the property abandoned from the estate and to pursue it outside the bankruptcy proceeding. The motion for abandonment and relief from the automatic stay does not indicate an intent to seek any distribution from the estate.

The fact that the Sukmans had a claim against the debtor and that the existence of their obligation was known is not sufficient to establish a claim which may be amended. *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789 (E.D.Va.1985). The Sukmans must show they desired to assert their claim against the estate. Based upon the record presented to it, the court cannot find evidence that the Sukmans either made a demand against the estate or manifested an intent to hold the estate liable.

It also appears if the Sukmans actually meant to establish a claim against the estate they would likely have moved pursuant to 11 U.S.C. § 506(a) to determine the allowed amount of the secured and unsecured claim. This step was not taken and is a further indication that the Sukmans intended to pursue only non-bankruptcy remedies.

Therefore, the court finds the Sukmans failed to file a timely informal proof of claim and, accordingly, their formal proof of claim is disallowed as a late filed amendment.

In the event there is a surplus after distribution, it may be applied to any deficiency claim of the Sukmans before return to the debtor.