In re Charlotte **CHICOINE** d/b/a Leisure Park Trailer Park, Debtor.

**Bankruptcy No. 88-20058.**

United States Bankruptcy Court, D. Montana.

Sept. 21, 1988.

William R. Baldassin, Missoula, Mont., for debtor.

Rex Palmer, Missoula, Mont., for Baileys.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case, the Debtor and the major secured creditors Albert and Irma Bailey (Baileys), are engaged in serious dispute over the failure of Baileys to timely file a Proof of Claim in this case of a state court Judgment rendered in favor of Baileys and against the Debtor on February 13, 1987. On July 5, 1988, this court denied Baileys' motion for relief from the automatic stay to prosecute an appeal to the Supreme Court of Montana on the issue of denial of attorney fees by the state court. On July 8, 1988, this court approved the Debtor's Disclosure Statement and set a confirmation hearing on the Plan for September 6, 1988. On August 23, 1988, the Debtor moved pursuant to Bankruptcy Rule 3003 for an order declaring that Baileys shall not be treated as creditors for the purpose of voting on and distribution under the Plan by reason of Baileys failing to file a Proof of Claim on its Judgment of February 13, 1987, within the time set by order of the Court. On August 25, 1988, this Court entered its decision which determined that since Baileys' judgment claim was listed as disputed in the Debtor's schedules and the Baileys failed to file a Proof of Claim within the bar date, under Section 1126 of the Code and Bankruptcy Rule 3003, Baileys are prohibited from voting on the Plan on their judgment claim. Baileys, on August 31, 1988, filed a Motion to Reconsider the Order of August 25, 1986, on grounds that the Motion for Relief from the Automatic Stay, filed well within the bar date for claims, was an informal Proof of Claim, now amendable, under case authority of *In the Matter of Pizza of Hawaii*, 761 F.2d 1374 (9th Cir.1985). Hearing on the reconsideration motion was held on September 6, 1988, and the Court, by bench ruling, found the Motion for Relief from Stay constituted an informal Proof of Claim, which could be amended. A formal Proof of Claim, was then filed by Baileys, and objections to that claim by the Debtor are pending hearing. On September 16, 1988, the Debtor filed a Motion to Reconsider the bench ruling of September 6, 1988, on the basis that the Motion for Relief from Stay filed by Baileys fails to satisfy the test of *Pizza of Hawaii*, supra.

Debtor and Baileys agree that the test to establish an informal Proof of Claim is that a document qualifies as an informal Proof of Claim if it states an explicit demand showing the nature and amount of the claims against the estate, and evidences an intent to hold the debtor liable. *Pizza of Hawaii*, supra, at 1381, citing *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 815 (9th Cir.1985). Other courts concur. *In re Sherret*, 58 B.R. 750 (Bankr.W.D.La. 1986); *In re Mitchell*, 82 B.R. 583 (Bankr. W.D.Okl.1988).

Baileys' Motion for Relief from Automatic Stay, filed March 30, 1988, states:

"Movant is a secured creditor of the debtor pursuant to a Contract for Deed to sell a trailer court and unsecured creditor under a Judgment entered in Montana District Court in February, 1987, in the amount of $33,847.69, plus other relief."

As to the secured claim, Baileys sought adequate protection, admitting, however, debtor had substantial equity in the property. As to the unsecured claim, Baileys sought relief from the stay to perfect appeal to the Montana Supreme Court on the denial by the state court of an award of attorney's fees to Baileys. In ruling on the motion, after hearing, this Court found that the Contract for Deed payments have been timely made, that insurance on some of the older trailers could not be obtained in the market, and that her Plan of Reorganization would call for a cure of the delinquent taxes. Baileys have never given the Debtor Notice of Default under the contract for non-payment of the monthly installment. The Debtor's schedules acknowledge the balance due on the secured claim and has never contested that sum as due and payable. On the unsecured claim based on the judgment, by separate Order of July 5, 1988, I concluded:

"In this case, Bailey may be entitled to the award of reasonable attorney's fees and costs pursuant to the contract as part of his claim. This is a matter of state law. Bailey could pursue his claim in this court by filing a Proof of Claim rather than concede to the position of the Debtor. The award of the fees would then be a matter of determination by this Court in a timely manner. Appeal on the sole issue of fees to the Supreme Court and then return to the State District Court is a burden the estate should not bear. Therefore, Bailey's request to pursue his claim on appeal should be denied."

From the Motion for Relief from Stay, and subsequent hearing and briefs, it is clear Baileys claimed a judgment due of $33,847.69, plus attorney's fees. Baileys wanted the issue of attorney's fees decided on appeal, but this Court, following the argument of the Debtor, expressly determined such claim should be decided in this Chapter 11 case. I conclude, as did the Ninth Circuit Court of Appeals in *Pizza of Hawaii*, supra, and *Sambo's*, supra, that such actions by Baileys clearly evidence their intent to hold the estate liable. The case of *In re Mitchell*, supra, cited and relied upon by the Debtor holds:

"Amendment is permitted, however, only where the original documents provide notice of the existence of a claim against the estate. *In re International Horizons* at 1217. [751 F.2d 1213 (11th Cir. 1985)]. It is not necessary that documents actually constitute a proof of claim. *Sun Basin Lumber Co. Inc. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970).

\*     \*     \*     \*     \*     \*

For the documents at issue to constitute an informal claim, they must state the nature of the claim, its amount, and must evidence an intent to hold the estate liable. *Sambo's Restaurant, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811 (9th Cir.1985).

If a writing meets this test, it is susceptible of amendment after the bar date in order to conform to the requirements of Bankruptcy Rule 3001. *In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y.1986).

Courts recognize several ways a creditor may manifest the necessary demand and intent to hold the estate liable. *See, Levine v. First National Bank of Lincolnwood (In re Evanston Motor Co.)*, 26 B.R. 998 (N.D.Ill.1983) and cases cited at page 1001. Pleadings filed either in the bankruptcy case itself or filed in other litigation to which the debtor or trustee is a party have been held to be informal claims. *See, Pizza of Hawaii, Inc. v. Shakey's Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374 (9th Cir.1985) (relief from stay motion and other documents filed with court during claims filing period); *In re Sambo's Restaurant, Inc.*, 754 F.2d 811 9th Cir.1985) (wrongful death complaint filed in violation of automatic stay and joint motion with debtor to transfer case to bankruptcy court constitutes informal claim)." *Id.* at 585.

In *Mitchell,* the court found the creditor's motion for relief from stay failed evidencing an intent to hold the estate liable because the creditor sought to have the property abandoned and to pursue such claim outside the bankruptcy proceeding. *Mitchell* concedes that "courts have held that intent to hold the estate liable may be implicit", *Id.* at 586, citing *Sun Basin Lumber Co.,* supra, and *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.),* 597 F.2d 181 (9th Cir.1979), cert. den. 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980).

In the case *sub judice,* Baileys not only claimed the amount of the judgment due from the Debtor, but sought express authority to pursue their claim for attorney's fees. The record reflects a copy not only of the Judgment against the Debtor, but also the claim for fees and its denial by the state court—all filed in this proceeding within the claims period. As stated in *Pizza of Hawaii, Inc.,* supra, at 1381:

> "Although the complaint thus discloses the nature of Shakey's claim, it does not quantify the damages requested—the amount of Shakey's claim—except for the $58,335 in dealer's fees. Yet, because the violations were ongoing and proof of injury would require extensive evidentiary presentation, Shakey's simply could not be more specific in its request for damages. We agree with the district court that '[t]he adversary matter contained all of the necessary prerequisites to advise the bankruptcy court of Shakey's claim.'"

I conclude the proceedings in this court, together with documents filed herein, were sufficient to constitute an informal Proof of Claim, and since there is a "long established liberal policy toward amendment of proofs of claim", *Pizza,* at 1381, the formal Proof of Claim on the Judgment must be allowed.

Finally, I would note that the Order of July 5, 1988, denying relief from the stay to pursue appeal on the attorney fees issue specifically invited Baileys to file a Proof of Claim on that matter, and such Order was issued after the bar date of June 14, 1988. Thus, the Debtor's contentions that Baileys slept on their rights is without merit.

IT IS ORDERED the Motion to Reconsider the Court's ruling of September 6, 1988, allowing Albert and Irma Bailey to file a formal Proof of Claim on their Judgment of February 13, 1987, is denied and the formal Proof of Claim is deemed filed as of September 6, 1988.