956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roynald F. BUNGERT, Sr., a/k/a Ronald F. Bungert; Phyllis
Dalton Bungert, Plaintiffs-Appellants,
v.
FORT EUSTIS FEDERAL CREDIT UNION, Defendant-Appellee.
 No. 90-2354.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Feb. 27, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-89-889-N)
 Alison Marie Bradner, Alexander P. Smith and Associates, P.C., Norfolk, Va., for appellants.
 John Wallis Raymond, Norge, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald F. Bungert, Sr. and Phyllis Dalton Bungert appeal the district court's disallowance of a $150.00 per month voluntary church contribution and $30.95 cable expense submitted in their Chapter 13 bankruptcy plan. Finding no error under the facts of this case, we affirm.
 
 
 2
 The debtors filed for relief under Chapter 13 of the Bankruptcy Code. Under the plan proposal, the debtors wished to pay the Chapter 13 trustee $300.00 a month for thirty-six months for distribution to creditors. This amount was determined by subtracting from the debtors' net income of $2,417.80 per month listed expenses of $2,117.80. Included in the listed expenses was a $150.00 per month voluntary contribution to a church and $30.95 for cable television service.
 
 
 3
 Fort Eustis Federal Credit Union, an unsecured creditor under the debtors' plan, timely objected to the proposed allowance for the church contribution and the cable expense claiming these expenditures were excessive and unnecessary in determining the debtors' disposable income available to satisfy creditors. The bankruptcy judge overruled the objections and approved the Chapter 13 plan as submitted. On appeal the district court ordered the debtor to increase payments to the trustee by the sum of $180.00 per month. In doing so, the district court eliminated the debtors' voluntary $150.00 monthly church contribution and the $30.00 monthly cable television expense.
 
 
 4
 Under a Chapter 13 plan, all of the debtors' projected disposable income must be utilized to make payments under the plan. Disposable income is defined as "[i]ncome which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...." 11 U.S.C. § 1325(b)(2)(A). The debtors argue that the district court erred in eliminating the $150.00 per month church contribution since that expenditure was reasonably necessary for the maintenance of the debtors and their family.
 
 
 5
 At the confirmation hearing in bankruptcy court, it was established that any church contribution was entirely voluntary and there would be no repercussions or recriminations if the debtors ceased these payments. The Bungerts' previous contributions averaged $160.00 per month for 1985, $233.00 for 1986, $228.00 for 1987, $168.00 for 1988, and $172.00 for the months in 1989 prior to the filing of the Chapter 13 plan.
 
 
 6
 When presented with the issue, a majority of bankruptcy courts have refused to confirm Chapter 13 plans where unsecured creditors have objected to debtors' high charitable donations. In Re Tucker, 102 Bankr. 219 (Bankr.D.N.M.1989); In Re Miles, 96 Bankr. 348 (Bankr.N.D.Fla.1989); In Re Reynolds, 83 Bankr. 684 (Bankr.W.D.Mo.1988); In Re Curry, 77 Bankr. 969 (Bankr.S.D.Fla.1987); In Re Sturgeon, 51 Bankr. 82 (Bankr.S.D.Ind.1985); In Re Breckenridge, 12 Bankr. 159 (Bankr.S.D.Ohio 1980). We hold a reviewing district judge has authority to modify a Chapter 13 plan when a debtor has proposed excessive and unnecessary charitable contributions.
 
 
 7
 In so ruling we do not hold that religious contributions are per se precluded as an approved expenditure under a proposed Chapter 13 plan. There may be situations where religious contributions are reasonably necessary for the maintenance or support of a debtor or dependent. It cannot be said, however, that the $150.00 per month proposed contribution under the plan at issue meets this standard. The total plan allocation for creditors proposed by the Bungerts was only $300.00 per month prior to the district court's elimination of the church contribution. Under the proposed plan, the unsecured creditors, including the Fort Eustis credit union, would receive approximately 5% of the total unsecured debt while the debtors' church would receive contributions only slightly lower than were donated prior to filing the plan. If the plan were left unadjusted, the unsecured creditors would receive $14.00 average monthly payment while the debtors' church would receive a $150.00 monthly beneficence. In light of this disparity, the district court was not clearly erroneous in rejecting the proposed church contributions.
 
 
 8
 The appellants additionally argue that the district court erred by eliminating the cable expense from the Chapter 13 plan when the objecting creditor indicated that it would not appeal that issue. A district court has the power to consider any issue presented by the bankruptcy record, and may address issues not appealed. See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1379 (9th Cir.1985). In disallowing the monthly cable television expense as unnecessary to maintain the debtors, the district court did not abuse the discretion reposed in it.
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.