939 F.2d 802
 Bankr. L. Rep. P 74,106
In re HALL, BAYOUTREE ASSOCIATES, LTD., A Texas Limited
Partnership, Debtor.
OAKS OF WOODLAKE PHASE III, LTD., Appellee,
v.
HALL, BAYOUTREE ASSOCIATES, LTD., A Texas Limited
Partnership, Appellant.
 No. 91-15289.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 12, 1991.
Decided July 26, 1991.
 
 Michael F. Wurst, Decker, Hardt, Kopf, Harr, Munsch & Dinan, Dallas, Tex., for appellant.
 Susan M. Freeman, Lewis & Roca, Tucson, Ariz., and John D. Torres, Kalish, Forrester & Torres, Phoenix, Ariz., for appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before BEEZER, NOONAN and FERNANDEZ, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 The district court determined that venue was improper and dismissed a bankruptcy case with prejudice because the case had been filed in bad faith. The debtor appeals the dismissal on the ground that the district court reached issues not before it, incorrectly found facts rather than remanding to the bankruptcy court, erred in finding bad faith, and abused its discretion in dismissing the case with prejudice. We affirm the district court's decision to dismiss the case rather than transfer it, but we reverse the dismissal with prejudice.
 
 
 2
 * On March 5, 1990, Hall Bayoutree Associates, Ltd. (Bayoutree) filed a voluntary Chapter 11 petition in the District of Arizona, Tucson division. Bayoutree's principal asset is an apartment complex located in Houston, Texas. Two lien creditors, The Oaks of Woodlake Phase III, Ltd. (the Oaks) and the Resolution Trust Corporation as conservator for Brookside Federal Savings and Loan Association (RTC) moved the bankruptcy court to transfer venue or in the alternative to dismiss for improper venue. The Oaks and RTC also moved the bankruptcy court to dismiss for bad faith filing.
 
 
 3
 A hearing was held July 5, 1990, and the motions were taken under advisement. The bankruptcy court then issued a minute order denying the motions with leave to renew at the hearing on the confirmation of the plan of reorganization. On August 3, 1990, the bankruptcy court entered a final order denying the motion to transfer venue or dismiss for improper venue; the August 3rd Order did not refer to the motion to dismiss for bad-faith filing. The August 3rd Order did not contain any findings of fact or conclusions of law.
 
 
 4
 The Oaks appealed the August 3rd Order to the district court and RTC joined in the appeal. Although the designation of issues on appeal was limited to the question of venue, and the parties' briefing was limited to that question, the record on appeal also included the motion for bad-faith filing that had been before the bankruptcy court. On January 8, 1991, the district court entered an order holding that venue in Arizona was improper and finding that the bankruptcy case had been filed in bad faith. The district court therefore dismissed the case with prejudice. The district court's January 8th Order did not contain any specific findings of fact on the issue of bad faith.
 
 
 5
 Bayoutree appealed and moved for a stay pending appeal. A motions panel for this court granted the stay and remanded this matter to the district court for the entry of findings of fact on the issue of bad faith. The district court's findings of fact were filed in this court on March 3, 1991. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d).
 
 II
 
 6
 The district court reviewed the bankruptcy court's August 3rd Order which denied the motion to transfer venue or in the alternative to dismiss for improper venue. The venue motion was brought pursuant to Bankruptcy Rule 1014(a)(2), which is modeled after 28 U.S.C. Sec. 1406(a). See Bankr.R. 1014 advisory committee's note. Rule 1014(a)(2), just as Sec. 1406(a), provides that a court may dismiss a case filed in an improper district unless transferring the case to a proper district "is in the interest of justice."
 
 
 7
 Bayoutree is not appealing the district court's holding that venue was improper in Arizona. Its appeal is limited to the question whether the district court erred by dismissing the case with prejudice because of bad-faith filing. The initial issue is whether a district court can dismiss a case with prejudice upon a determination of improper venue.
 
 
 8
 Although it was within the district court's discretion to either dismiss the case or transfer it "in the interest of justice," it was error for the district court to dismiss the case with prejudice. A determination of improper venue does not go to the merits of the case and therefore must be without prejudice. Cf. Costello v. United States, 365 U.S. 265, 285-286, 81 S.Ct. 534, 544-545, 5 L.Ed.2d 551 (1961) (dismissal on grounds outside the merits of a claim ordinarily does not bar a subsequent action on the same claim); Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir.1973) (dismissal for lack of jurisdiction was not on the merits and thus dismissal must be without prejudice).
 
 
 9
 For example, under Rule 41(b), Fed.R.Civ.P., although a dismissal normally operates as an adjudication on the merits, one exception to this rule is a dismissal for improper venue. A dismissal for improper venue is specifically excluded from the types of dismissals that operate as an adjudication on the merits. Fed.R.Civ.P. 41(b). We hold that the discretion given to the district court under Bankruptcy Rule 1014(a)(2) and 28 U.S.C. Sec. 1406(a) to dismiss a case for improper venue does not include the power to dismiss a case with prejudice.
 
 III
 
 10
 We now consider whether the issue of bad-faith filing was properly before the district court. The designation of issues on appeal to the district court was limited to the question of venue. However, the record on appeal included the motion to dismiss for bad-faith filing that had been filed in the bankruptcy court.
 
 
 11
 A district court, reviewing a bankruptcy appeal, can decide an issue that is not raised on appeal, if that issue is purely legal and is fully supported by the record. See In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985). If the bankruptcy court's factual findings are silent or ambiguous as to a material factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination; the district court may not make its own independent factual findings. See Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir.1987).
 
 
 12
 The question whether a bankruptcy case was filed in bad faith is a factual question. See In re Chisum, 847 F.2d 597, 599 (9th Cir.), cert. denied sub nom. Mortgage Mart, Inc. v. Rechnitzer, Trustee in Bankruptcy, et al., 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988). The district court, thus, was not free to make its own determination of bad faith. The district court should have remanded the case to the bankruptcy court for factual findings on that question.[1]
 
 IV
 
 13
 We turn next to the question whether the district court withdrew the reference to the bankruptcy court by implication before making its findings on the bad-faith issue. If the district court had withdrawn the reference before making its bad-faith finding, it would have been free to hold a hearing and make its own factual findings. A district court has the power to
 
 
 14
 withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.
 
 
 15
 28 U.S.C. Sec. 157(d) (1988).
 
 
 16
 It is clear that, under Sec. 157(d), a district court may withdraw reference at any time, for cause shown, but it is unclear whether it can withdraw reference by implication. The Fourth Circuit has held that the district court's action of retaining jurisdiction on a question of sovereign immunity "effectively withdrew" a matter from the bankruptcy court. See Anderson v. Federal Deposit Ins. Corp., 918 F.2d 1139, 1142 (4th Cir.1990). Moreover, we have approved a district court's withdrawing reference nunc pro tunc to justify deciding a non-core matter. See Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1399 (9th Cir.1987), cert. dismissed, 487 U.S. 1247, 109 S.Ct. 7, 101 L.Ed.2d 958 (1988).
 
 
 17
 However, even if withdrawal can be found by implication, there still must be some "cause shown" for the withdrawal. See 28 U.S.C. Sec. 157(d) (1988). The district court did not declare any cause for a withdrawal of the reference in this case. The district court was not faced with a decision on a non-core matter. The question whether a bankruptcy case was filed in bad faith "is a matter for the bankruptcy court's discretion." In re Stolrow's Inc., 84 B.R. 167, 170 (Bankr. 9th Cir.1988).
 
 
 18
 The notice of appeal to the district court was filed on August 16, 1990 and the district court did not issue its written order dismissing the case until January 8, 1991. Accordingly, if the district court was concerned that a party was abusing the bankruptcy laws, there was sufficient time for the district court to remand the case for factual findings.
 
 
 19
 The district court should have remanded the matter to the bankruptcy court for factual findings. Its decision to reach the issue of bad faith was not a withdrawal by implication, but rather an incorrect attempt by an appellate court to assume the role of a fact finder.
 
 V
 
 20
 The final issue is whether the district court abused its discretion by dismissing the case rather than transferring it to Texas. As discussed above, Bankruptcy Rule 1014(a)(2), just as 28 U.S.C. Sec. 1406(a), provides that a court may dismiss a case filed in an improper district unless transferring the case to a proper district "is in the interest of justice." We review a determination of whether to transfer or dismiss for abuse of discretion. Cf. Central Valley Typographical Union No. 46 v. McClatchy Newspapers, 762 F.2d 741, 745 (9th Cir.1985).
 
 
 21
 The district court determined that venue in Arizona was improper. The district court further found that the case had been filed in bad faith, and thus dismissed the case rather than transferring it to Texas. Although the district court was sitting as an appellate court, its consideration of bad faith was not inappropriate in determining whether the interests of justice required that the case be transferred rather than dismissed.
 
 
 22
 A review of the record reveals that the district court did not abuse its discretion in dismissing the case. Although dismissal of an action for improper venue is a harsh penalty, dismissal is proper where filing in an improper forum evidences bad faith. See 1 J. Moore, A. Vestal & P. Kurland, Moore's Manual, Federal Practice and Procedure, Sec. 7.13 (1990); cf. Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir.1989). We therefore affirm the district court's dismissal of the case.
 
 VI
 
 23
 We affirm the district court's determination that venue was improperly fixed in Arizona and that a dismissal was appropriate.
 
 
 24
 However, we reverse the order of dismissal with prejudice, and remand for further proceedings consistent with this opinion. Those proceedings may include, but are not limited to, a dismissal without prejudice for improper venue, a return of the case to the bankruptcy court for further proceedings (including the issuance of findings of fact) regarding the bad faith motion, or a determination of whether the case should be withdrawn from the bankruptcy court in accordance with 28 U.S.C. Sec. 157(d). Each party shall bear its own costs.
 
 
 25
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 26
 NOONAN, Circuit Judge, concurring and dissenting:
 
 
 27
 I concur in the dismissal of this case, but dissent as to the reversal of dismissal with prejudice. The longer the case goes on the more Bayoutree profits from its tactics. These tactics deserve penalties, not a reward.
 
 
 28
 Bayoutree owns a single asset, an apartment complex located in Houston, Texas. Bayoutree has no equity in the apartments and acknowledges secured claims exceeding $17.3 million on a property valued by the bankruptcy court at $12.6 million.
 
 
 29
 Just before Bayoutree's note to the Oaks in the principal amount of $3.2 million matured in November 1989, Bayoutree sued the Oaks in a Texas state court contending that the note had been orally modified. A jury trial began on February 26, 1990 in this case. The verdict was against Bayoutree. The Oaks was then free to enforce its lien. Four days later Bayoutree filed this bankruptcy case in Tucson, Arizona. Bayoutree picked a filing site where it knew in advance who the bankruptcy judge would be, as there was only one bankruptcy judge in Tucson.
 
 
 30
 That this plan to circumvent the Oaks had been prearranged by Bayoutree is shown not only by its prompt filing, but by the fact that inadvertently Bayoutree had filed an earlier bankruptcy petition in Tucson, Arizona on the very day that the jury trial began. It was clearly in the mind of Bayoutree and its counsel that a run to Arizona would be desirable and that Bayoutree's Texas case did not stand much chance of success.
 
 
 31
 Bayoutree has virtually no connection with Arizona. It is a Texas limited partnership, formed in 1984. The address of its general partners is in Dallas, Texas. None of its creditors and only one of its 75 limited partners have an address in Arizona. Its scheduled assets list no assets in Arizona.
 
 
 32
 Bayoutree's only connection with Arizona is a contract with MGP III, Inc. MGP was created as an Arizona corporation on January 24, 1990. It is a wholly owned subsidiary of the Hall Financial Group, Inc., whose place of business is at the same address as Bayoutree's in Texas. The only connection between MGP and Bayoutree is tenuous. A consulting agreement between MGP and Bayoutree provides that MGP will render certain financial analysis and consulting services, not to Bayoutree, but to Hall 84 Associates, one of Bayoutree's general partners.
 
 
 33
 Under 28 U.S.C. Sec. 1408(1) an entity filing a bankruptcy case must have had its principal place of business in the district in which the case was filed for 180 days immediately preceding the filing. This bankruptcy petition was filed on March 5, 1990. As there was not the slightest connection between the Oaks and Arizona prior to January 1990 it is evident that this elementary requirement for jurisdiction was not complied with.
 
 
 34
 At no point has Bayoutree offered a plausible legal argument for its attempt to avoid the plain requirements of Section 1408. Almost nine months after the bankruptcy filing, after resisting the venue motion of the Oaks in the bankruptcy court and on appeal, Bayoutree offered to stipulate for transfer of venue--a concession, in advance of the judgment of the district court on the appeal, that Bayoutree had no legal basis for the venue that it had been defending. The bankruptcy filing was a desperate gambit of Bayoutree to avoid enforcement of the lien on its property that the Oaks had every right to enforce. On the record before us, as on the record before the district court, Bayoutree's bad faith is plain.
 
 
 35
 The motion to dismiss for lack of venue filed by the Oaks explicitly referred to "the Debtor's bad faith efforts in creating venue." The Oaks appealed from the order of the bankruptcy court denying this motion. Consequently, bad faith was before the district court.
 
 
 36
 We explicitly directed the district court to make findings of fact as to Bayoutree's bad faith, and the district court complied. It is a strained and over-technical position for us now to say that our earlier directive was incorrect and that it failed to establish the law of the case.
 
 
 37
 This anomalous change in our views put to one side, our precedents make plain that an appellate court may rule on the record before it where the record provides an adequate basis for review. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 n. 2 (9th Cir.1991). What is true of our procedure under Fed.R.Civ.P. 52(a) should be true under Fed.R.Bankr.P. 7052(a), which is derived from the federal rule. Dahnken's of Santa Barbara, Inc. v. Marsh Industries, 11 B.R. 536, 537-38 (Bankr. 9th Cir.1981). Evident on this record is the filing of a petition in Arizona in flagrant disregard of the elementary requirement of a place of business for 180 days in that state. The majority points to no material fact in dispute as to which fact-finding by the bankruptcy court would aid decision.
 
 
 38
 Matter of Pizza of Hawaii, Inc., 761 F.2d 1374 (9th Cir.1985) (unfortunately miscited by the majority opinion) is decisive. We there repeated an earlier holding that "it is within the district court's discretion whether to consider issues not presented to the bankruptcy court." Id. at 1377. We went on to repeat this holding with reference to cases decided in this way by various bankruptcy courts. Id. at 1379. All that is essential is that the district court have before it an issue presented by the record. Id. The district court did not abuse its discretion here. To the contrary, it properly brought Bayoutree's shameless tactics to an end.
 
 
 39
 The opinion of the majority is self-contradictory. It first holds that the district court should have remanded the case to the bankruptcy court for factual findings on bad faith. It then holds that the district court did not abuse its discretion in dismissing the case because it properly found that the filing had been made in bad faith. It is difficult to understand how the district court can find bad faith for dismissal but not bad faith for dismissal with prejudice.
 
 
 40
 Although the majority reverses the judgment of the district court, the district court is still not without resources to act in this case. This court has approved a district court withdrawing reference to a bankruptcy court nunc pro tunc. See Mission Indians v. Amer. MGMT & Amusement, Inc., 824 F.2d 710, 715 (9th Cir.1987). Accordingly, for "cause shown," 28 U.S.C. Sec. 157(d), the district court can withdraw the case nunc pro tunc from the bankruptcy court and reach again the conclusions it has already reached. The cause shown could well be the bankruptcy court's egregious error in refusing to dismiss for lack of venue when the venue statute uncontrovertibly was not complied with.
 
 
 41
 The district court is also not without remedies that could appropriately be taken as to counsel who have filed this bankruptcy case and who have continued to defend the filing on appeal to the district court. See Fed.R.Civ.P. 11.
 
 
 42
 We too have responsibilities under the Code of Judicial Conduct both as to such counsel and as to the bankruptcy court. These will be carried out by appropriate actions not necessary to specify here.
 
 
 
 [1]
 Although we hold that the district court erred by making findings on the issue of bad faith, a motions panel of this court remanded this matter back to the district court with specific instruction to enter factual findings in support of its order dismissing the case for bad-faith filing. However, the order by the motions panel does not create "the law of the case." The panel did not reach the merits of the question whether the district court should have ruled on the issue of bad faith. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1079 (9th Cir.1988); United States v. Houser, 804 F.2d 565, 567-568 (9th Cir.1986). The order, therefore, does not limit this panel's ability to reach the merits of whether the district court abused its discretion by reaching the bad-faith issue