**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 1997**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

VICKI S. WESTON, JAMES F. PETERS,
as Trustee of Gnolaum Unitrust;
BROOKE S. WESTON;  DREW S.
WESTON;  HAYLEY S. WESTON;
PIPER S. WESTON;  STEELE S.
WESTON;  TY WESTON;  WADE
WESTON;  PAIGE S. WESTON,

      Appellants,

v.

JOHN B. MAYCOCK,

      Appellee.

No. 95-4000
(D.C. Nos. 94-369-J, 94-413-J, 94-414-J)
(D. Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **BALDOCK, HOLLOWAY,** and **MURPHY,** Circuit Judges.

---

Appellants appeal from a final order of the district court which dismissed three appeals from final orders of the bankruptcy court.  We have jurisdiction under 28 U.S.C. § 158(d).

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

This appeal arises from an individual bankruptcy proceeding of David Weston.[1] The heart of the present controversy is the successful effort by the bankruptcy trustee, Appellee Maycock, to reach property Weston had transferred to a family trust, the Gnolaum Unitrust. Appellants are the wife and children of Weston as beneficiaries of the trust, and Weston's wife, Vicki Weston, was also co-grantor of the trust.

This appeal comes from a tortuous procedural history. The bankruptcy trustee brought an adversary proceeding against David Weston, the Unitrust trustee, and the appellants. The trustee sought a declaratory judgment that the assets of the Unitrust belonged in the bankruptcy estate. Jurisdiction over this proceeding was vested in the district court after withdrawal of the automatic reference to the bankruptcy court. On June 16, 1993, the district court entered an order addressing numerous pending motions in which the judge ruled, *inter alia*, that Weston had the power to revoke the trust, which was the first step toward establishing the bankruptcy trustee's claim to assets of the Unitrust. Separate appeals were taken from that June 16, 1993 order, which were dismissed because the order was not a final one.

Proceedings continued in the district court with cross-motions for summary judgment. On November 22, 1993, the district court granted the bankruptcy trustee's motion for

---

[1]David Weston, along with several of his affiliated companies, had been sued in one or more fraud actions. *See Cascade Energy & Metals Corp. v. Banks,* 896 F.2d 1557 (10th Cir. 1990).

summary judgment, establishing the claim of the bankruptcy estate to the assets of the Unitrust. The district court referred the matter back to the bankruptcy court for proceedings to account for and recover Unitrust property. This order was the primary focus of two of three appeals from the bankruptcy court which the district court dismissed in the order under review here.

Appellants filed notices of appeal to the Tenth Circuit promptly after entry of this order. These appeals were dismissed, however, because this court held that the November 22, 1993, order was not final. In January 1994, the bankruptcy court entered an order styled "Summary Judgment On Claims Against All Parties" in the two consolidated adversary proceedings. This order required the trustee of the Unitrust to convey real property immediately and to account for all other assets of the Unitrust. Appellants say that they perceived at that time that the district court's November 1993 order had achieved finality by this final order of the bankruptcy court, and they promptly filed two more notices of appeal, attempting to appeal the November 1993 order, as made final by the January 1994 order.

Appellants filed their notices of appeal in the district court to commence the appeal in this court, however (where they were designated Nos. 94-4044 and 94-4045), rather than filing the notices in the bankruptcy court to commence the appeals to the district court. They contend that this was reasonable in that they were seeking review of the district court's determination and it would not have been proper for the district court to review its own decision. Nevertheless, a panel of this court dismissed those appeals on March 3, 1994,

3

holding that the appeals were untimely as to the district court's November 1993 order and improperly filed in the Court of Appeals as to the bankruptcy court's January 1994 order. *Maycock v. Gnolaum Unitrust (In re Weston)*, 19 F.3d 1444 (10th Cir. 1994) (table).

Immediately after this court dismissed those two appeals, on March 7, 1994, appellants filed "substitute notices of appeal" in the district court, attempting again to appeal the district court's November 1993 order as made final by the bankruptcy court's January 1994 order. In the order now appealed from, the district court dismissed these two appeals as untimely. The instant appeal covers more than just this, however, because of further developments below as the bankruptcy trustee sought to control and liquidate the Unitrust property which had been ordered conveyed to him.

Appellants filed a motion in the district court for a stay of the bankruptcy court order requiring the conveyances. The district court denied the stay and appellants sought an emergency stay from this court. This court granted an emergency stay with the former appeals pending, but when those appeals were dismissed on March 3, 1994, the stay was vacated. Appellants filed a petition for rehearing, which was denied on April 29, 1994.

Among the properties formerly held by the Unitrust which the bankruptcy court had ordered conveyed to the bankruptcy trustee was the Westons' residence, referred to as the Doverhill property. The bankruptcy trustee arranged for sale of this property, and the bankruptcy court on March 9, 1994, entered an order approving the sale. An appeal was taken from this order to the district court. Appellants moved for consolidation in the district

4

court of this appeal with the two appeals commenced by their "substitute notices of appeal" which are described above. Consolidation was granted. The bankruptcy trustee filed a motion in the district court to dismiss all three appeals. He contended that the "substitute" notices were untimely and that the appeal from the order for sale of the Doverhill property was moot because the sale had been consummated and the proceeds had been applied to administrative expenses of the bankruptcy estate. The district court granted the trustee's motion to dismiss the three appeals, and the instant appeal followed.[2]

## II

We first consider whether the district court properly dismissed the two separate appeals which appellants attempted to bring to that court from the bankruptcy court by filing "substitute" notices of appeal. The district court held that it lacked jurisdiction of these appeals because the notices of appeal were not timely filed. It is undisputed that the "substitute" notices of appeal were filed outside the ten day period established by Bankruptcy Rule 8002. Appellants contend, however, that the appeals were originally filed in a timely manner (referring to Nos. 94-4044 and 94-4045) and that the appeals should have been

_____

[2]Appellants filed an appendix in response to appellee's motion for summary disposition, a motion based on the contention that appellants' challenge to the bankruptcy court's order of March 9, 1994, had been mooted by the completion of the sale of the property. *See part III, infra*. Appellants then filed two more volumes styled Appendix I and Appendix II with their brief-in-chief. Appellant filed a motion for leave to file Appendix III shortly before filing their reply brief. The reply brief contains no citations to Appendix III, and it is not the duty of this court to search through transcripts to attempt to find material to support a party's argument. Accordingly, the motion for leave to file Appendix III is denied.

transferred to the proper court, in this case the district court, under a provision of the Federal Courts Improvement Act of 1982, which states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

This argument simply comes too late. We cannot say whether the panel which decided Nos. 94-4044 and 94-4045 would have found it in the interest of justice to transfer those appeals had appellants requested transfer. We do know that appellants never made such a request at that time in their petition for rehearing or the jurisdictional brief they filed. Appellants' primary contention in this appeal is that "the appeals" were timely filed but held to have been filed in the wrong court. This contention essentially begs the question by assuming that the instant appeal is, or should be deemed to be, merely a continuation of appeals Nos. 94-4044 and 94-4045 taken to this court. Unfortunately for appellants, we cannot accept this premise. To the contrary, this court's dismissal of those earlier appeals was final; thereafter, no viable proceeding remained to be continued by the filing of "substitute" notices of appeal.

Appellants cite no authority for the proposition that an appeal which has been

6

dismissed for lack of jurisdiction can be resuscitated by the filing of an untimely notice of appeal to the proper court. Appellants do cite *Klenske v. Goo (In re Manoa Finance Co.)*, 781 F.2d 1370 (9th Cir. 1986), which held that an appeal was properly filed with the court of appeals where the underlying judgment had been entered by a district judge sitting in bankruptcy. The court there held that "[i]t does not make sense to have appeals from a decision of an Article III judge heard by . . . another judge of that judge's district court." 781 F.2d at 1372. This authority is cited by appellants to justify their decision to file appeals Nos. 94-4044 and 94-4045 with this court rather than the district court. We will not consider this argument, however, because this panel may not overturn, and therefore will not second guess, the decision of the prior panel which is the law of the case. *See Pittsburg & Midway Coal Mining Co. v. Watchman*, 52 F.3d 1531, 1536 n.4 (10th Cir. 1995).

Appellants also cite *Harris v. McCauley (In re McCauley)*, 814 F.2d 1350 (9th Cir. 1987). In that case, somewhat like *Manoa Finance*, the bankruptcy court's final judgment was entered by a district judge. Whereas in *Manoa Finance* the appealing party took the appeal directly to the court of appeals, in *McCauley* the appeal was filed with the district court, which dismissed the appeal for lack of jurisdiction, concluding that the appeal should have been filed directly with the court of appeals. The Ninth Circuit held that the district court should have transferred the appeal to the circuit court under section 1631 and proceeded to determine the merits of the appeal from the bankruptcy court's judgment. Appellants argue that the district court in the instant case should have done what the court

7

of appeals did in *McCauley*; that is, the district court should have deemed the case transferred to it because our prior panel should have transferred instead of dismissing the appeal. The district judge properly recognized, however, that a lower court cannot so overrule a higher court. In short, the finality of the decision of our prior panel dooms the attempt to revive those prior appeals, and the district court properly dismissed the appeals from the bankruptcy court's order of January 1994.

Accordingly, all of appellants' arguments based on section 1631 are completely unavailing. The statute does not give us the authority to transfer an appeal that was previously dismissed. Nor could the district court have afforded relief to appellants under section 1631. To the contrary, the district court correctly determined that no court has jurisdiction of an untimely appeal. The language of the statute clearly provides relief only for appeals mistakenly filed in the wrong court, not for untimely appeals. We repeat that section 1631 should have been invoked in the previous appeals. Having allowed that opportunity to pass, the appellants can no longer derive any benefit from the statute.

The district court's order dismissing the two appeals from the bankruptcy court's order of January 1994 must be affirmed.

### III

The other appeal which was dismissed by the district court was from the bankruptcy court's order approving the sale of the Doverhill property. The district court held that the appeal was moot under the statute which protects good faith purchasers of property under the

8

jurisdiction of the bankruptcy courts.  The statute provides:

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  The district court noted that the authorization and sale had not been stayed, except for the brief period during the pendency of No. 94-4044, when this court entered a stay, and that there was no dispute that the purchaser of the Doverhill property made the acquisition in good faith.[3]  The district judge then apparently concluded that the completion of the sale, together with the protection afforded the purchaser by statute, made the appeal moot because no relief could be afforded to the appellants.  Appellants contend that even though they are precluded from recovering the property, they could have been entitled to, and the district court could have fashioned, some other form of relief.  *Cf. Osborn v. Durant Bank & Tr. Co. (In re Osborn)*, 24 F.3d 1199, 1203-04 (10th Cir. 1994).

We do not find it necessary to determine whether and in what circumstances persons

---

[3]Appellants contend that the district court exceeded its authority in making findings of fact in the order now under review.  Appellants cite authority from other circuits which hold that a district judge reviewing a bankruptcy court's judgment on appeal may not make independent findings of fact. *See, e.g., Bayoutree Associates Ltd. v. Oaks of Woodlake Phase III, Ltd. (In re Hall)*, 939 F.2d 802, 804-05 (9th Cir. 1991).  We cannot determine whether the district judge was indeed making independent factual determinations, as opposed to merely restating the facts found by the bankruptcy court, however, because appellants have failed to provide the bankruptcy court's order of March 9, 1994, confirming the sale of the property.  In any event, the only facts which we view as material to the district court's conclusions clearly appear to be merely the procedural events in the underlying proceedings.  Thus, we need not consider this contention further.

with an interest in property which has been sold through proper procedures in bankruptcy may have remedies available to them when recovery of the property is precluded by 11 U.S.C. § 363(m). In this case, appellants could not under any circumstances be entitled to any relief because their interests in the property, if any there were and whatever they might have been, were only through the Unitrust. Any such interests they formerly had were extinguished not by the order confirming the sale, but by the previous order holding that the Unitrust property was property of the bankruptcy estate. As we have determined in Part II, that previous order is now impervious to judicial review. With no remaining rights in the property, appellants could not show themselves to be entitled to any remedy. Therefore, the portion of the district court's order which dismissed appellants' appeal from the order confirming the sale must also be affirmed.[4]

The order of the district court is **AFFIRMED.** The pending motion for summary disposition of moot appeal is **DENIED**, the issues having been given plenary consideration and disposition in this order.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

---

[4]Appellants also make an argument premised on the assertion that the district court dismissed their appeal from the bankruptcy court's order confirming the sale of the Doverhill property because they had failed to designate a record for that appeal when, they say, they had in fact complied with that requirement. We find no indication in the record provided to us that the district court based its dismissal on this ground. Having no record on which to review this contention, we must reject it.