**Whitney FORD, a minor; Rodney Ford, both individually and as Guardian Ad Litem for Whitney Ford, Plaintiffs—Appellants,**

**v.**

**Carl COHN, both in his official capacity as Superintendent of the Long Beach Unified School District and in his individual capacity; Susan Melly, Selpa Director; Long Beach Unified School District, and Judt Elliott, Defendants—Appellees.**

No. 01–55719.

D.C. No. CV–00–11612–R.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

** Honorable John M. Duhe, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted April 4, 2002.*
Submission Withdrawn April 22, 2002.
Resubmitted June 21, 2002.
Decided Aug. 5, 2002.

courts of this circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

* This case was submitted for decision on the briefs and record, without oral argument. Fed. R.App. P. 34(a)(2)

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.**

MEMORANDUM ***

Whitney Ford, a child with a disability, through and with her father Rodney Ford ("plaintiffs") filed this action under 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et. seq. The complaint alleges that defendants violated the IDEA and the U.S. Constitution by refusing to comply with an agreed upon individual education program ("IEP") and seeking an injunction in state court reversing a stay-put order by the California Special Education Hearing Office (SEHO). The district court dismissed the complaint with prejudice because it found that it lacked jurisdiction over the complaint. We affirm in part, reverse in part and remand with instructions that the district court enter the dismissal of certain claims without prejudice.

The district court, with little explanation, dismissed each claim with prejudice

because (1) it lacked subject matter jurisdiction under the "*Rooker–Feldman* doctrine" prohibiting federal courts from entertaining an appeal of a state court decision, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), (2) alternatively, because it refused to exercise jurisdiction pursuant to the *Younger* abstention doctrine, *Younger v. Harris,* 401 U.S. 37, 53–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and (3) plaintiffs failed to precede the filing of the lawsuit with a claim under the Government Claims Act, Cal. Govt.Code § 900, et seq. The district court also dismissed with prejudice the third and fourth claims against the defendants based on immunity grounds. We turn first to the subject matter jurisdiction findings and then address the immunity questions.

A.

■ The plaintiffs correctly argue that they were not required to comply with California's Government Claims Act in order to pursue their § 1983 claims. *Felder v. Casey,* 487 U.S. 131, 153, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

■ In their briefs before this court, the plaintiffs concede that their first claim for relief requesting an injunction against the enforcement of the superior court's order and a writ of mandate to the superior court are barred by the *Rooker–Feldman* doctrine. They argue, however, that they should have been allowed to proceed on their claims for damages despite the then ongoing proceedings in state court. We disagree.

** The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The plaintiffs' damages claims are predicated on their allegation that the defendants were required to comply with the unsigned May 31, 2000 IEP, rather than the previous, signed February 3, 2000 IEP. At the time the plaintiffs filed this complaint, the California superior court had issued a ruling enforcing the February 3 rather than the May 31 IEP. The plaintiffs appealed that decision to the California court of appeal and at the same time filed this action. We affirm the district court's dismissal of this action under the *Rooker–Feldman* doctrine because, at the time the plaintiffs' complaint was filed, the district court could not find in their favor on any of their claims without determining that the California superior court's decision enforcing the February 3 IEP was wrong.[1] *Doe v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (holding that *Rooker–Feldman* doctrine bars federal determination of claim "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff").

Because the *Rooker–Feldman* doctrine justified the district court's dismissal of the plaintiffs' complaint, we need not decide whether the district court properly invoked the *Younger* abstention doctrine as an alternative to its finding under the *Rooker–Feldman* doctrine.

■ The district court erred in dismissing the plaintiffs' entire complaint *with prejudice* for lack of subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction is not an adjudication of the merits and therefore should be entered without prejudice. *In re Hall, Bayoutree Assoc., Ltd.,* 939 F.2d 802, 804 (9th Cir.1991); *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir.1988).

**B.**

The district court identified several immunity grounds for dismissing the plaintiffs' third and fourth claims that, if sound, would justify the dismissal of those claims with prejudice. We turn to those arguments.

■ The district court did not err in dismissing with prejudice the plaintiffs' third and fourth claims for relief against the school district and defendants acting in their official capacity based on Eleventh Amendment immunity and immunity from punitive damages. *See Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248, 251–54 (9th Cir.1992) (holding California school district a state agency for purposes of the Eleventh Amendment); *Mitchell v. Dupnik,* 75 F.3d 517, 527 (9th Cir.1996) ("Although a municipality may be liable for compensatory damages in § 1983 actions, it is immune from punitive damages under the statute."); Cal. Govt.Code § 818 (public entity not liable for punitive damages).

■ We conclude that the district court erred in dismissing with prejudice the third claim against the individual defendants based on qualified immunity. The district court did not explain its basis for finding qualified immunity applicable. For purposes of a motion to dismiss, the court was required to view the complaint in the light most favorable to the plaintiffs and assume all facts asserted within it to be true. *Burgert v. Lokelani Bernice Pauahi Bishop Trust,* 200 F.3d 661, 663 (9th Cir. 2000). The plaintiffs' allegations that the defendants purposefully and maliciously violated the plaintiffs' statutory and constitutional rights are sufficient to allege that the defendants violated clearly established rights of the plaintiffs and could not have

---

1. At the time the plaintiffs' complaint was filed in the district court, their appeal of the superior court decision had not been decided. Ultimately, the appeal was dismissed as moot

following a limited settlement agreement reached between the parties in this action. The settlement states that it "does not resolve the United States District Court ... lawsuit."

believed that their conduct was lawful. *See generally Billington v. Smith,* 292 F.3d 1177, 1184 (9th Cir.2002); *Act Up!/Portland v. Bagley,* 988 F.2d 868, 871 (9th Cir.1993). Thus, while the claim was properly dismissed *without prejudice* under the *Rooker–Feldman* doctrine, the district erred in dismissing *with prejudice* the third claim for relief against the individual defendants based on qualified immunity.

In sum, we affirm the court's dismissal with prejudice of the third and fourth claims for relief against the school district and against defendants in their official capacity. We reverse the dismissal with prejudice of the remaining claims in the plaintiffs' complaint and remand with instructions that the district court enter the dismissal of those claims without prejudice.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

Parties are to pay their own costs.