**Jose Cruz BARTOLOMEU, et al.,**
**Plaintiffs—Appellants,**

v.

**CHINA AIRLINES, et al.,**
**Defendants—Appellees.**

Francisco Manuel Farromba Vilela, et al., Plaintiffs—Appellants,

v.

China Airlines, et al., Defendants— Appellees.

Nos. 01–15497, 01–15518.
D.C. Nos. CV–00–03650–SBA, CV–00–03728–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Dec. 17, 2002.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM *

Plaintiffs Jose C. Bartolomeu *et al.* appeal the district court's denial of their motion to remand and dismissal of defendant China Airlines for lack of jurisdiction. We have jurisdiction, *Duke Energy Trading & Mktg. v. Davis,* 267 F.3d 1042, 1048–49 (9th Cir.2001), and affirm.

Plaintiffs filed suit in California state court against China Airlines, McDonnell Douglas Corporation, The Boeing Company, and others following an airplane crash in Hong Kong that killed three people and injured several others. The flight was a round-trip flight originating in Portugal with stops scheduled for London, Hong Kong, and Bangkok. Defendants removed to federal court on the basis of diversity. Plaintiffs moved to remand, arguing that complete diversity was lacking because they were foreign citizens, as was China Airlines. The district court concluded that China Airlines had been fraudulently

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

joined because plaintiffs' damages claims could not be filed against China Airlines in the United States under the Warsaw Convention (discussed below). The district court therefore denied the motion to remand, and dismissed China Airlines. Plaintiffs dismissed the defendants who had not been served without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i), filed notices of appeal, and then subsequently executed stipulated dismissals dismissing McDonnell Douglas and Boeing without prejudice.

The Warsaw Convention is the exclusive means for filing a personal injury suit against air carriers in international transportation between High Contracting Parties.[1] *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). China Airlines is an air carrier that was engaged in international transportation. Warsaw Convention, Article 1(2), 49 U.S.C. § 40105 (note). The flight originated in Portugal, a High Contracting Party, and was destined for London, Hong Kong, and Bangkok before returning to Portugal.

■ Article 28(1) prescribes where an action for damages may be filed:

An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the domicile of the carrier or his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination.

Warsaw Convention, Article 28(1), 49 U.S.C. § 40105 (note). The United States is not (1) the domicile of China Airlines, (2) the place where China Airlines' principal place of business is located, (3) the place where the contract of transportation was made, or (4) the destination of the flight in question. Therefore, suit may not be filed in the United States against China Airlines. Because Article 28(1) of the Warsaw Convention establishes that suit against China Airlines could not be filed in the United States, the district court correctly determined that treaty jurisdiction was lacking. The district court therefore properly dismissed China Airlines.

Plaintiffs' reliance on *Mingtai Fire & Marine Ins. Co. v. United Parcel Serv.,* 177 F.3d 1142 (9th Cir.1999), is misplaced because *Mingtai Fire* involved transportation originating in a country not party to the Convention. China Airlines' citizenship simply does not affect the analysis.

Having concluded that the district court correctly dismissed China Airlines for lack of jurisdiction, we need not examine the district court's order denying remand because there are no defendants remaining in the case.

■ Finally, although the district court correctly dismissed China Airlines for lack of jurisdiction, dismissal should have been without prejudice, instead of with prejudice, because a dismissal for lack of subject matter jurisdiction is ordinarily without prejudice. *In re Hall, Bayoutree Assoc., Ltd.,* 939 F.2d 802, 804 (9th Cir.1991); *Frigard v. United States,* 862 F.2d 201, 204 (9th Cir.1988) (per curiam). We therefore affirm, but remand with instructions for the district court to amend its order to reflect that dismissal was without prejudice.

AFFIRMED AND REMANDED.

---

**1.** Convention for the Unification of certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3020–21, T.S. No. 876 (1934), note following 49 U.S.C. § 40105. Citations are to the official United States translation.