

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER HUANG, General Partner, on behalf of HYW LIMITED PARTNERSHIP,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal corporation,<br><br>       Defendant - Appellee. | No. 14-55400<br><br>D.C. No. 2:13-cv-07698-MMM-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Roger Huang appeals the district court's dismissal for lack of subject matter

jurisdiction of his suit challenging the City of Los Angeles's conduct in assessing

taxes against his business. We review de novo a district court's dismissal for lack

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of subject matter jurisdiction. *N. Cty. Cmty. All., Inc. v. Salazar*, 573 F.3d 738, 741 (9th Cir. 2009).

The Tax Injunction Act (TIA), 28 U.S.C. § 1341, bars taxpayers from challenging the validity of a state tax in federal court where an adequate remedy is available in state court. Huang does not dispute that such a "plain, speedy and efficient remedy" is available in the California courts. 28 U.S.C. § 1341. The key factors to consider in deciding whether a municipal fee is a "tax" for purposes of the TIA are (1) the entity that imposes the charge; (2) the parties upon whom the charge is imposed; and (3) the purpose of imposing the charge. *Bidart Bros v. Cal. Apple Comm'n*, 73 F.3d 925, 931–32 (9th Cir. 1996). Applying *Bidart*, the business taxes assessed by the City of Los Angeles, as well as the penalties added thereto for delinquent payment, are "taxes" under the TIA. The district court therefore lacked subject matter jurisdiction over Huang's claim challenging the assessment of the taxes and penalties.

The Supreme Court's decisions in *National Federation of Independent Business (N.F.I.B.) v. Sebelius*, 132 S. Ct. 2566 (2012), and *Direct Marketing Association v. Brohl*, 135 S. Ct. 1124 (2015), do not change this analysis. The Court's analysis in *N.F.I.B.* is not "clearly irreconcilable" with existing Ninth

Circuit precedent. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Nor is the reasoning of *Direct Marketing* applicable to the facts of this case.

The district court did, however, abuse its discretion in dismissing Huang's claim with prejudice. A dismissal for lack of subject matter jurisdiction, because it does not go to the merits of the case, is without prejudice. *See Oaks of Woodlake Phase III, Ltd. v. Hall, Bayoutree Assocs., Ltd.* (*In re Hall, Bayoutree Assocs., Ltd.*), 939 F.2d 802, 804 (9th Cir. 1991); *see also* Fed. R. Civ. P. 41(b). Huang's claim therefore should have been dismissed without prejudice. We consequently vacate the district court's order of dismissal with prejudice and remand with instructions to enter a dismissal of the complaint without prejudice for lack of subject matter jurisdiction.

Costs are awarded to Defendant-Appellee City of Los Angeles.

**VACATED AND REMANDED**.