BEEZER, Circuit Judge:
The debtors in this case, William V. Glenn and Joyce F. Glenn, appeal the district court’s affirmance of the bankruptcy court’s award of postpetition interest to the creditor, P.J. Taggares Co. The bankruptcy and district courts held that section 506(b) of the Bankruptcy Code, 11 U.S.C. § 506(b), entitled Taggares to postpetition interest on its secured claim to the extent that the value of the property securing the claim exceeded the amount of the allowed secured claim on the date on which the petition was filed. The courts so held notwithstanding the fact that Taggares held unsecured claims far in excess of the value of the property. We affirm.
FACTS
In 1980, Taggares made various loans to H & W Farms, Inc., an enterprise owned by the Glenns. The Glenns cosigned for the loans and gave Taggares a security interest in crops and proceeds. Taggares also received a mortgage on farm property, which was owned by the Glenns’ daughter. Taggares’ mortgage was junior to mortgages held by Prudential Insurance Company of America and Peoples National Bank of Washington.
In September of 1981, the Glenns issued a promissory note to Taggares in the amount of $785,789.42, which covered existing debt and contemplated future advances. The note provided for interest at the rate of 18 percent per annum. This note was secured by a mortgage on the Glenns’ residential property, which was otherwise unencumbered. The mortgage was given on September 17, and recorded on September 18, 1981. On December 15, 1981, the Glenns and H & W Farms filed petitions in bankruptcy under Chapter 11 of the Bankruptcy Code.
The bankruptcy court found that the mortgage on the residential property, for the most part, constituted an avoidable preference under section 547(b) of the Bankruptcy Code. However, the court *1146 found that Taggares advanced $33,950.54 pursuant to the note and mortgage after the mortgage was given but before the time the petitions were filed. Consequently, the court held that section 547(c) precluded avoidance of the mortgage to the extent of $33,950.54. The court held that the remainder of Taggares’ claims were unsecured.[1] The court also found that the residential property subject to the mortgage had a value of $92,000 on the day the petitions were filed. No party contests these findings and conclusions.
On January 30, 1985, the bankruptcy court awarded Taggares postpetition interest of $18,902.54, with interest thereafter of $16.74 per day until paid. These amounts represent 18 percent interest on the. allowed secured claim of $33,950.54. The district court affirmed the award of interest, and the Glenns now challenge the award on appeal.[2] We independently review the bankruptcy court’s decision. Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985). Since the only issue on appeal involves the interpretation of 11 U.S.C. § 506, our review is de novo. See Trustees of the Amalgamated Insurance Fund v. Geltman Industries, Inc., 784 F.2d 926, 929 (9th Cir.1986) (“Statutory interpretation is a question of law subject to de novo review.”).
DISCUSSION
This appeal demonstrates the danger of relying on technical idioms rather than law. The law that governs this case is clear. Section 506(b) provides:
To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.
11 U.S.C. § 506(b).
Taggares holds an allowed secured claim in the amount of $33,950.54. The note provides for interest at 18 percent per annum. The property that secures the claim is worth $92,000.[3] Therefore, Taggares is entitled to postpetition interest.
In attempting to evade this clear result, the Glenns raise two arguments. First, they argue that Taggares is an “undersecured” creditor and, therefore, not entitled to postpetition interest on any part of its claim. The Glenns reason that Taggares is undersecured because its claims exceed $600,000 while its allowed secured claim amounts to only $33,950.54.
The terms “undersecured” and “oversecured” creditor have been used to describe various concepts. One eminent scholar uses “undersecured” to describe a creditor who holds a claim that is partially secured and partially unsecured. See 3 Collier on Bankruptcy If 506.04 at 506-15 (15th ed. 1986). Others use these terms to describe the concepts contained in section 506(b): an undersecured creditor is one who holds an allowed secured claim for an amount which exceeds the value of the property securing it; an oversecured creditor is one who holds an allowed secured claim in an amount less than the value of the property securing it. See, e.g., In re Ladycliff College, 56 B.R. 765, 767 (S.D.N.Y.1985).
These terms, which are not to be found in section 506, have found their way into common legal parlance. They properly *1147 may be used to save many words. However, care must be taken lest the parlance take on a life of its own.
A dominant theme of the Bankruptcy Reform Act of 1978 is the turn away from the classification of creditors to the classification of claims. See 3 Collier on Bankruptcy ¶ 506.04 at 506-15 to 506-16 (15th ed. 1986); D. Epstein & J. Landers, Debtors and Creditors: Cases and Materials 514 (2d ed. 1982). Accordingly, section 506(a) bifurcates a debt (or debts) into secured and unsecured components. 11 U.S.C. § 506(a); see 3 Collier on Bankruptcy ¶ 506.04, at 506-15 to 506-16 (15th ed. 1986).[4] The secured portion of a debt is called a secured claim. 11 U.S.C. § 506(a).
Section 506(b) refers only to secured claims. 11 U.S.C. § 506(b). The existence of an unsecured claim, whether held by the holder of a secured claim or by another, is irrelevant in determining whether postpetition interest should be awarded. See 3 Collier on Bankruptcy ¶ 506.04, at 506-16 to 506-17 (15th ed. 1986).[5] Therefore, we reject the Glenns’ attempt to muddle a clear statutory mandate by misuse of non-statutory terminology.
The Glenns’ second argument has less merit than the first. The Glenns argue that Taggares’ interest in the residential property is limited to the amount of the allowed secured claim and, therefore, Taggares has no interest in the mortgage from which postpetition interest could be allowed. The Glenns’ argument entirely ignores section 506(b), which allows post-petition interest at the contract rate.[6] The necessary consequence of section 506(b) is an award in excess of the principal amount of the allowed secured claim.[7]
Therefore, we AFFIRM the district court. Taggares is entitled to costs for this appeal.

. H & W Farms and the Glenns admitted owing Taggares $608,226.41 as of the date on which the petitions were filed. Satisfaction of the claims of Prudential Insurance Company and Peoples National Bank apparently exhausted Taggares’ security in the farm property. The record is unclear regarding the disposition of the crops and proceeds.

. No party challenges the method of calculation of the interest.

. The Glenns do not contend that costs of preserving or disposing of the property affect the . outcome of this case. See 11 U.S.C. § 506(c).

. Section 506(a) provides:
An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor’s interest in the estate’s interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor’s interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor’s interest.
11 U.S.C. § 506(a).

. Of course, the award of postpetition interest is subject to certain limitations, such as the right of the trustee to recover specified costs before postpetition interest is calculated. See 11 U.S.C. §§ 506(b), (c).

. The parties agree that the property securing the allowed secured claim was worth $92,000 at the time the petitions were filed. The Glenns do not argue that anyone other than the estate and Taggares has an interest in the property. Nor do the Glenns argue that the value of the property has declined since the petitions were filed.

. The Glenns rely on In re Ladycliff College, 56 B.R. 765 (S.D.N.Y.1985). The facts of that case, which the Ladycliff court itself described as "truly unusual,” see 56 B.R. at 766, bear no resemblance to the facts at hand. In Ladycliff, the creditor loaned the debtor $370,000 and took as security, inter alia, a mortgage on a certain piece of real estate. However, the standard language on the mortgage form was crossed out. In its place, the creditor added a clause which limited the creditor’s interest in the property to $150,000, although the value of the property was assumed to be greater. The court found that the purpose of the clause was to limit the exposure of the real estate. Id. at 768. No such limitations appear in the mortgage at issue in this case. Since Ladycliff is distinguishable, we express no view as to the soundness of its reasoning or conclusions.