In re:  OMEGA ENVIRONMENTAL, INC., a Delaware corporation, Debtor.

Omega Environmental, Inc., a Delaware corporation, Plaintiff—Appellant,

v.

Gerard Blohorn, an Individual;  Palm Environmental Funding Corp., a Maryland corporation, Defendants—Appellees,

George Bassett;  et al., Defendants.

No. 00–35211.

D.C. No. CV–99–00837–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 5, 2001.

Before FARRIS, KLEINFELD and GOULD, Circuit Judges.

## MEMORANDUM *

Omega Environmental, Inc., appeals the district court's judgment reversing the bankruptcy court's decision. The district court concluded that Omega had no right to reimbursement payments from the state of Florida, and that the payments were improperly included in Omega's bankruptcy estate. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. We affirm.

We review de novo the bankruptcy court's grant of summary judgment. *Parker v. Cmty. First Bank (In re Bakersfield Westar Ambulance, Inc.)*, 123 F.3d 1243, 1245 (9th Cir.1997). We review for abuse of discretion the bankruptcy court's order granting the motion for reconsideration. *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir.2000). We review de novo the bankruptcy court's conclusions of law, and for clear error the bankruptcy court's factual findings. *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1377 (9th Cir.1985).

According to Florida law, reimbursement payments "shall be issued to the person responsible for conducting site rehabilitation listed on the Certification Affidavit." Fla. Admin. Code r. 62–773.700(8)(b) (2001). The Person Responsible for conducting site rehabilitation is defined as "the person designated by the site owner or operator on the reimbursement application." Fla. Stat. Ann. § 376.301(29) (2001); *see* Fla. Admin. Code r. 62–773.200(14). Here, the Certification Affidavits at issue designated only either appellee Gerard Blohorn or appellee Palm Environmental Funding Corporation as the Person Responsible. Consequently, Omega had no right to the reimbursement payments, and only Blohorn and Palm had rights to receive the reimbursement payments from Florida. The district court properly reversed the bankruptcy court. The reimbursement payments should not be part of Omega's bankruptcy estate.

Palm's unopposed motion to supplement issues on appeal is granted. Both Omega and Palm have briefed the issue of post-petition payments in this court, and agree that the party which prevails on the issue of reimbursement payments will also prevail on the issue of post-petition payments. We conclude that the district court's order implicitly reversed the bankruptcy court's order regarding the post-petition payments to Palm, and we affirm the district court. *See Federal Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 (9th Cir. 1991).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.