In re Donald E. BANNISH, Gail
L. Bannish, Debtors.

Donald E. Bannish and Gail
L. Bannish, Appellants,

v.

Maureen A. Tighe, United States
Trustee for Region 16,
Appellee.

No. EDCV 03–1091–GHK.

United States District Court,
C.D. California.

April 22, 2004.

Cynthia McCoy, Cynthia McCoy Law Offices, Hesperia, CA, for appellants.

Timothy J. Farris, U.S. Trustee's Office, Riverside, CA, for appellee.

## MEMORANDUM AND ORDER

KING, District Judge.

This matter is before the court on debtors-appellants' appeal from the dismissal of their Chapter 7 bankruptcy petition unless it was converted to one under Chapter 13. On appeal, we are asked to consider whether 11 U.S.C. § 707(b), which allows for dismissal of a Chapter 7 petition by a debtor with primarily consumer debts if the granting of Chapter 7 relief would constitute a "substantial abuse," violates the equal protection clause.

## I. BACKGROUND

On May 19, 2003, appellants Donald E. and Gail L. Bannish filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Excerpt of Record ("ER"), Tab A, at 1. On July 3, 2003, the United States Trustee filed a motion to dismiss appellants' Chapter 7 petition for "substantial abuse" under 11 U.S.C. § 707(b) because their debts were primarily consumer debts and they were able to repay a significant portion of their unsecured creditors. ER, Tab A, at 2; ER, Tab B. The bankruptcy court granted the motion at the August 18, 2003 hearing. ER, Tab C, at 11; ER, Tab D, at 1. The court noted that under Ninth Circuit law, the ability to fund a Chapter 13 plan is the "primary factor" to consider in determining whether granting relief under Chapter 7 would be a "substantial abuse." ER, Tab D, at 2. After adjusting appellants' Schedule J to eliminate expenses that were not "reasonably necessary for the maintenance and support of the debtor," the court concluded that appellants had sufficient disposable income to pay 42% of their unsecured non-priority debt. Accordingly, the court found that "prosecution of a petition under chapter 7 in this case would constitute a substantial abuse" and ordered the case dismissed under 11 U.S.C. § 707(b) unless it was converted to Chapter 13 within 10 days of the hearing. ER, Tab D, at 2–3.

In accordance with the court's order, appellants filed a motion to convert from Chapter 7 to Chapter 13 on August 29, 2003. An order affecting the conversion was entered on September 2, 2003. ER, Tab A, at 3.

Appellants filed a timely notice of appeal of the bankruptcy court's August 18, 2003 ruling on August 27, 2003. *Id.*

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction, under 28 U.S.C. § 158(a), to hear appeals from "final judgments, orders and decrees" of bankruptcy judges. An order converting a case to another chapter of the bankruptcy code is an appealable final order. *In re Firstcent Shopping Center, Inc.,* 141 B.R. 546, 550 (S.D.N.Y.1992); *see also In re Gomes,* 220 B.R. 84, 85 (9th Cir. BAP 1998) (considering appeal of bankruptcy court's order dismissing Chapter 7 case unless it was converted to Chapter 13 within six days). Here, the bankruptcy court's order effectively converted this

case from Chapter 7 to Chapter 13. Therefore, we have jurisdiction to consider this appeal.

■ We ordinarily review the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 526 (9th Cir.2001). Here, however, appellants ask us to address the constitutionality of 11 U.S.C. § 707(b), an issue they did not raise in the bankruptcy court. We nonetheless exercise our discretion to consider this issue for the first time here. *See Matter of Pizza of Hawaii*, 761 F.2d 1374, 1379 (9th Cir.1985) (holding that a district court has jurisdiction to consider an issue presented by the record, even if the issue was not raised in the bankruptcy court).

## III. DISCUSSION

■ Appellants raise a single issue on appeal:

> As a matter of law, does the Bankruptcy Court's application of *In re Kelly*, that "...a (consumer) debtor's ability to pay his debts will, standing alone, justify a 707(b) dismissal ..." (*In re Kelly*, 841 F.2d 908 (1988)), violate the debtors' fifth amendment due process guarantees, in that there is no rational basis for drawing a distinction on these grounds between individuals with primarily consumer debts, and all other individuals, whose debts variously derive from failed businesses, unpaid taxes, or the commission of tortious acts?

ER, Tab E.

Appellants appear to argue that the Ninth Circuit's interpretation of § 707(b) as set forth in *In re Kelly*, 841 F.2d 908 (9th Cir.1988) violates the equal protection clause because it singles out consumer debtors for different treatment than those with other types of debts. Section 707(b) provides, in relevant part,

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

In *Kelly*, the Ninth Circuit held that the ability to fund a Chapter 13 plan is the principal factor in determining "substantial abuse" under this provision. *Kelly*, 841 F.2d at 914. The court also explicitly held that "a debtor's ability to pay his debts will, standing alone, justify a section 707(b) dismissal." *Id.*

To the extent that appellants urge us to adopt an approach whereby a debtor's ability to pay, standing alone, would *not* warrant dismissal under § 707(b), we are bound by the Ninth Circuit's clear holding to the contrary. *See Kelly*, 841 F.2d at 914–15; *see also In re Price*, 353 F.3d 1135, 1139–40 (9th Cir.2004) (reaffirming *Kelly's* holding that ability to pay, standing alone, will justify a section 707(b) dismissal).

*Kelly* did not, however, address the question of whether § 707(b) violates equal protection. Thus, to the extent that appellants intend to mount a facial constitutional challenge to the provision, we proceed to that issue.

■ Inasmuch as § 707(b), by its terms, singles out those whose debts are "primarily consumer debts," it implicates the equal protection clause by drawing a distinction between consumer debtors and debtors whose debts are attributable to other sources (hereinafter "consumer debtors" and "business debtors," respectively). However, a classification that involves neither fundamental rights nor a suspect clas-

sification, as here, "is accorded a strong presumption of validity" and "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe*, 509 U.S. 312, 319, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (internal quotations omitted).

The Tenth Circuit squarely addressed the issue before us in *In re Stewart*, 175 F.3d 796 (10th Cir.1999). There, the court began by noting that Congress enacted § 707(b) for two reasons: (1) to address the problem of consumer debtors taking advantage of modern easy-credit practices, running up consumer debt, and then seeking to discharge that debt through Chapter 7 bankruptcy and (2) to give the courts a mechanism to more easily dismiss petitions by abusive consumer debtors. *Id.* at 812–13. The court distinguished consumer debtors from business debtors on at least two grounds. First, the court found that consumer debt is especially liable to abuse given modern easy-credit practices involving signature loans and credit cards. *Id.* at 813. Second, the risk of abuse of the bankruptcy process is lessened in the case of business debtors, who largely accrue debt to obtain tangible business assets, which gives creditors more protection in recovering those assets, as opposed to consumer debtors who generally "consume"

the benefits acquired by their debt.[1] *Id.* Based on this analysis, the court concluded that § 707(b) did not violate the equal protection provisions of the Constitution. "A rational relationship exists between Congress singling out consumer debtors for dismissal for substantial abuse under § 707(b) and the government's legitimate purpose in preventing consumer abuse, reasonably protecting creditors and empowering the courts with a mechanism to more readily dismiss substantially abusive consumer petitions." *Id.*

■ Appellants' argument that there is no logical basis for distinguishing between consumer debtors and business debtors, delinquent taxpayers, or those whose debts are attributable to torts is aptly rebutted by the court's reasoning in *Stewart*, and we adopt that reasoning here. Moreover, it is well-settled that the legislature may attack a problem piecemeal:

> Evils in the same field may be of different dimensions and proportions, requiring different remedies.... Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.... The legislature may select one phase of the field and apply a remedy there, neglecting the others.

*Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Here, Congress was free to ad-

---

1. Appellants, in their Reply, present statistics showing that only 4% of Chapter 7 cases in the year ending 6/30/02 were "asset" cases and 73% of these cases disbursed less than $10,000 to creditors. Reply, at 1. Appellants argue that "[w]hatever may be the dollar amount contributed to creditors through the sale of business assets in chapter 7 cases, it appears not to be significant enough to support a conclusion that creditors are better off when a bankrupt's debts stem from the operation of a business." *Id.* First, we fail to see how Appellants' statistics support their argument. Simply because 73% of "asset" cases

disbursed less than $10,000 does not tell us anything about the other 27% of cases. Nor does it tell us anything about the amount generally disbursed from business debtors as compared with consumer debtors. Second, in determining whether a law has some reasonable basis, "mathematical nicety" is not required. *Bowen v. Gilliard*, 483 U.S. 587, 600, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987). Thus, even accepting the argument that creditors only recover slightly more from business debtors than consumer debtors, the law would not violate the Constitution.

dress what it viewed as the most serious area of abuse in the Chapter 7 bankruptcy arena, without violating equal protection guarantees.

## IV. DISPOSITION

Accordingly, the bankruptcy court's order dismissing appellants' Chapter 7 case unless it was converted to Chapter 13 within 10 days of the August 18, 2003 hearing is hereby **AFFIRMED**.