**In re: Kaveh LAHIJANI, Debtor,**

Kamiar Simantob; et al., Appellants,

v.

Kaveh Lahijani, Appellee.

No. 04–55253.

D.C. No. CV–03–03296–JFW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 21, 2005.

Gail S. Gilfillan, John R. Fuchs, Fuchs & Associates, Inc., Los Angeles, CA, Illyssa I. Fogel, Illyssa I. Fogel, PC & Associates, McDermitt, NV, for Appellants.

J. Scott Bovitz, Bovitz & Spitzer, Los Angeles, CA, Wesley H. Avery, Steven T. Gubner, Ezra, Brutzkus & Gubner, Encino, CA, for Appellee.

Before BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Whereas a district court may review both interlocutory and final orders of the bankruptcy court, *see* 28 U.S.C. § 158(a), the circuits courts have jurisdiction to hear only "final decisions, judgments, orders, and decrees" entered by a district court or a bankruptcy appellate panel, *see id.* § 158(d). We dismiss this appeal without prejudice for lack of jurisdiction because the district court's decision, which affirmed the bankruptcy court's order granting in part appellee's motion to dismiss, is not a final order. *See In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1378 (9th Cir.1985) (noting that interlocutory orders are not appealable under 28 U.S.C. § 158(d)). Although the finality rules in bankruptcy are more "flexible" than those under 28 U.S.C. § 1291, we previously dismissed for lack of jurisdiction an appeal from a bankruptcy court order that dismissed one count of a four-count counterclaim. *In re King City Transit Mix, Inc.,* 738 F.2d 1065, 1066 (9th Cir.1984) ("[I]n this case even the unique nature of a bankruptcy proceeding does not warrant a departure from final order jurisprudence developed in the context of 28 U.S.C. § 1291."). We similarly dismiss the instant appeal, which also stems from a bankruptcy court decision denying one of four overlapping claims.

Moreover, the parties have failed to explain how their rights will be "seriously affect[ed]" if we do not hear this appeal right now. *In re Stone,* 6 F.3d 581, 583 n. 1 (9th Cir.1993) (noting that, under Ninth Circuit precedent, finality may exist in the bankruptcy context where an order "resolves and seriously affects substantive rights"). Indeed, appellants concede that their § 523(a) claims operate as an alternative to their revocation of discharge claim—if they are successful on any one of their § 523(a) claims, they could recover all the relief that they seek, which would render the dismissed revocation claim moot.

Because we lack jurisdiction to hear the instant appeal, Appellee's Request for Judicial Notice is denied as moot.

**APPEAL DISMISSED WITHOUT PREJUDICE.**

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.