NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

In re:  **MARIPOSA ROAD SELF-STORAGE ASSOCIATES LLC, et al.,**

Debtor,

_____

**WELLS FARGO BANK, NA,**

Plaintiff-Appellant,

v.

**SAHUARITA SELF-STORAGE LLC; THORNYDALE SELF STORAGE ASSOCIATES LLC; MARIPOSA ROAD SELF-STORAGE ASSOCIATES LLC; ARIZONA SELF-STORAGE AT LINDSAY ROAD LLC; NOGALES SELF-STORAGE ASSOCIATES LLC; CULVER CITY SELF-STORAGE LLC; ABERDEEN GROUP LLC; MAX CHRIS MONSON; IRENE MURRAY MONSON; 4415 EAST GRANT ROAD LLC,**

Defendants-Appellees.

</td><td>

No.  15-16896

D.C. No. 4:11-cv-00641-FRZ

**MEMORANDUM**[*]

</td></tr>
</table>

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted June 9, 2017
Pasadena, California

Before: **THOMAS**, Chief Judge, **KOZINSKI**, Circuit Judge, and
**KORMAN**,[**] District Judge.

**1.** Wells Fargo's 11 U.S.C. § 1111(b)(2) election didn't waive its guarantee claims. Nor did Wells Fargo waive its guarantee claims by electing its treatment as to Grant Road and failing to file a Rule 60(b) motion, as there's no language in the Grant Road election indicating that the election would release Aberdeen or the Monsons. Wells Fargo also isn't estopped from challenging the plan's treatment of the guarantee deficiencies. See Bob's Big Boy Family Rest. v. N.L.R.B., 625 F.2d 850, 854 (9th Cir. 1980).

**2.** The reorganization plan improperly extinguished the guarantee obligations. See 11 U.S.C. § 524(e); Star Phx. Mining Co. v. W. Bank One, 147 F.3d 1145, 1147 n.2 (9th Cir. 1998) ("[T]he discharge of the principal debtor in bankruptcy will not discharge the liabilities of . . . guarantors."). The plan

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

discriminated against Wells Fargo in violation of 11 U.S.C. § 1129(b)(1) by allowing the guarantors to avoid paying Wells Fargo while other unsecured claimants were paid in full. The plan also broke the absolute priority rule because it allowed the debtors to retain equity interests without first satisfying Wells Fargo's unsecured guarantee claims. See 11 U.S.C. § 1129(b)(2)(B). Wells Fargo didn't "receive or retain under the plan" at least the amount it would receive "if the debtor were liquidated under chapter 7." See 11 U.S.C. § 1129(a)(7)(A)(ii). And the plan didn't determine the amounts necessary to cure the defaults on Wells Fargo's secured claims "in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1123(d). The bankruptcy court erred in confirming the joint Chapter 11 reorganization plan.

**3.** The district court didn't commit clear error by crediting expert testimony that the Sahuarita loan modification was feasible. See Matter of Pizza of Haw., Inc., 761 F.2d 1374, 1377 (9th Cir. 1985) (feasibility is reviewed under clearly erroneous standard). But it must consider on remand whether the negative amortization repayment plan for the Sahuarita loan modification was fair and equitable to Wells Fargo. See 11 U.S.C. § 1129(b)(1); Great W. Bank v. Sierra

Woods Grp., 953 F.2d 1174, 1178 (9th Cir. 1992) (listing factors relevant to determining fairness of a reorganization plan with negative amortization).

**REVERSED AND REMANDED**